# U.S. District Court
# Eastern District of Arkansas (Pine Bluff)
# CIVIL DOCKET FOR CASE #: <u>5:14−cv−00359−JM</u>
# *Internal Use Only*

Pinder v. McDowell et al

Assigned to: Judge James M. Moody Jr.

Case in other court:  USCA8, 15−01721

USCA8, 15−02033

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/26/2014

Date Terminated: 02/09/2017

Jury Demand: Both

Nature of Suit: 555 Prison Condition: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**Steven Pinder**
*ADC #123397*

represented by **Steven Pinder**
ADC #123397
VARNER UNIT
Arkansas Department of Correction
Post Office Box 600
Grady, AR 71644−0600
PRO SE

V.

**Defendant**

**Alva Green McDowell**
*Health Services Administrator, Tucker MSU*

represented by **Brent Jay Eubanks**
Humphries, Odum & Eubanks
Post Office Box 20670
White Hall, AR 71612
870−247−7035
Fax: 870−247−7459
Email: brent@humphrieslaw.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dotson**
*Director of Nursing*

represented by **Brent Jay Eubanks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sonya Davis−Peppers**
*Doctor*

represented by **Brent Jay Eubanks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jacqueline Carswell**
*Nurse Practioner*

represented by **Brent Jay Eubanks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Boston**<br>*Nurse* | represented by | **Brent Jay Eubanks**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Horner**<br>*Nurse* | represented by | **Brent Jay Eubanks**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Jane Doe**
*Nurse*
*TERMINATED: 03/29/2016*

**Defendant**

| | | |
|---|---|---|
| **Floss**<br>*Doctor and Regional Supervisor* | represented by | **Brent Jay Eubanks**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Roy Griffin**<br>*Assistant Director, ADC* | represented by | **Amber R. Schubert**<br>Arkansas Attorney General's Office<br>Catlett–Prien Tower Building<br>323 Center Street<br>Suite 200<br>Little Rock, AR 72201–2610<br>501–682–2081<br>Fax: 501–682–2591<br>Email: amber.schubert@arkansasag.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Charles W. Lyford**<br>Arkansas Attorney General's Office<br>Catlett–Prien Tower Building<br>323 Center Street<br>Suite 200<br>Little Rock, AR 72201–2610<br>501–682–3676<br>Email: charles.lyford@arkansasag.gov<br>*TERMINATED: 01/12/2017*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Jorge Dominicis**<br>*Chief Executive Officer, Correct Care*<br>*Services (originally named as John Doe* | represented by | **Brent Jay Eubanks**<br>(See above for address)<br>*LEAD ATTORNEY* |

*and then Jorge Domenicis)*  ATTORNEY TO BE NOTICED

**Defendant**

**Correct Care Services**  represented by  **Brent Jay Eubanks**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maxor Pharmacy**  represented by  **Michael Paul Vanderford**
Anderson, Murphy & Hopkins, L.L.P.
Regions Center
400 West Capitol Avenue
Suite 2400
Little Rock, AR 72201–4581
501–210–3607
Email: vanderford@amhfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hamilton**  represented by  **Brent Jay Eubanks**
*Nurse*  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Straughn**  represented by  **Amber R. Schubert**
*Warden*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles W. Lyford**
(See above for address)
*TERMINATED: 01/12/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arkansas Department of Correction**
*TERMINATED: 12/05/2014*

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/26/2014 | 1 | | MOTION for Leave to Proceed in forma pauperis by Steven Pinder. (ljb) (Entered: 09/26/2014) |
| 09/26/2014 | 2 | | COMPLAINT with Jury Demand against All Defendants filed by Steven Pinder. (ljb) (Entered: 09/26/2014) |

| 09/26/2014 | 3 | | MEMORANDUM of Law filed by Steven Pinder. (ljb) (Entered: 09/26/2014) |
|---|---|---|---|
| 09/26/2014 | 4 | | MOTION for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction by Steven Pinder. (ljb) (Entered: 09/26/2014) |
| 09/29/2014 | 5 | | INITIAL ORDER FOR PRO SE PRISONER–PLAINTIFFS granting 1 Motion for Leave to Proceed in forma pauperis. Monthly payments will be withdrawn from plaintiff's prison trust account until the $350.00 filing fee is paid in full. The Clerk of the Court is directed to send a copy of this Order to the ADC Offices and the Warden of the Cummins Maximum Security Unit. Signed by Magistrate Judge Beth Deere on 9/29/2014. (ks) (Entered: 09/29/2014) |
| 09/29/2014 | 6 | | PARTIAL RECOMMENDED DISPOSITION recommending that Plaintiff's 4 Motion for Preliminary Injunctive Relief be denied. Signed by Magistrate Judge Beth Deere on 9/29/2014. (ks) (Entered: 09/29/2014) |
| 10/03/2014 | 7 | | NOTICE OF FILING Addresses for Service of Defts by Steven Pinder (tjb) (Entered: 10/03/2014) |
| 10/06/2014 | 8 | | OBJECTION to 6 Partial Recommended Disposition by Steven Pinder. (ljb) (Entered: 10/06/2014) |
| 10/06/2014 | 9 | | ORDER ADOPTING 6 PARTIAL REPORT AND RECOMMENDATIONS. Plaintiff's 4 Motion for Preliminary Injunctive Relief is DENIED, without prejudice. Signed by Judge James M. Moody Jr. on 10/6/2014. (mcz) (Entered: 10/06/2014) |
| 10/10/2014 | 10 | | MOTION for Recusal by Steven Pinder. (ljb) (Entered: 10/10/2014) |
| 10/14/2014 | 11 | | ORDER denying 10 Motion for Recusal. Signed by Magistrate Judge Beth Deere on 10/14/2014. (jak) (Entered: 10/14/2014) |
| 10/16/2014 | 12 | | ORDER: Mr. Pinder has 30 days to amend his complaint to specifically state his constitutional claims against each named Defendant. Failure to comply with this Order could result in the dismissal of his claims, without prejudice. Signed by Magistrate Judge Beth Deere on 10/16/2014. (ks) (Entered: 10/16/2014) |
| 11/14/2014 | 13 | | AMENDED COMPLAINT with Jury Demand against All Defendants filed by Steven Pinder. (ljb) (Entered: 11/17/2014) |
| 11/20/2014 | 14 | | ORDER directing the Clerk of Court to to prepare summonses for Defendants McDowell, Dotson, Peppers, Carswell, Boston, Horner, Hamilton, Floss, Griffin, Correct Care Services, Maxor Pharmacy, and Straughn; and the United States Marshal is directed to serve a copy of the 2 complaint and the 13 amended complaint, along with any attachments, and a summons for each of these Defendants. Service for Defendants McDowell, Dotson, Peppers, Carswell, Boston, Horner, Hamilton, Floss and Correct CareS ervices should be through Humphries, Odum & Eubanks, Post Office Box 20670, White Hall, Arkansas 71612, without prepayment of fees and costs or posting security. Service for Defendants Griffin and Straughn should be through the Compliance Division of the Arkansas Department of Correction, P.O. Box 20550, Pine Bluff, Arkansas 71612, without prepayment of fees and costs or posting security. Maxor Pharmacy should be served at 416 Mary Lindsey Polk Drive, Suite 515, Franklin, Tennessee 37067. If Mr. Pinder seeks to proceed |

March 8 2017 p4

Appellate Case: 17-1514    Page: 4    Date Filed: 03/09/2017 Entry ID: 4510466

| | | | |
|---|---|---|---|
| | | | on his claims against the Doe Defendants, he must identify and serve these Defendants within 120 days. Signed by Magistrate Judge Beth Deere on 11/20/2014. (ks) (Entered: 11/20/2014) |
| 11/20/2014 | 15 | | PARTIAL RECOMMENDED DISPOSITION recommending that Mr. Pinder's claims against the ADC be DISMISSED, with prejudice. Claims against the remaining Defendants should be allowed to proceed. Signed by Magistrate Judge Beth Deere on 11/20/2014. (ks) (Entered: 11/20/2014) |
| 11/20/2014 | | | Summons Issued as to Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis−Peppers, Dotson, Floss, Roy Griffin, Hamilton, Horner, Maxor Pharmacy, Alva Green McDowell, William Straughn and forwarded to the USMS for service. (ks) (Entered: 11/20/2014) |
| 12/02/2014 | 16 | | SUMMONS Returned Executed. Maxor Pharmacy served on 11/24/2014. (rhm) (Entered: 12/02/2014) |
| 12/05/2014 | 17 | | ORDER approving and adopting in all respects in its entirety 15 Partial Recommended Disposition. Mr. Pinder's claims against the Arkansas Department of Correction are dismissed, with prejudice. Signed by Judge James M. Moody Jr. on 12/5/2014. (ljb) (Entered: 12/05/2014) |
| 12/09/2014 | 18 | | NOTICE of Appearance by Charles W. Lyford on behalf of Roy Griffin, William Straughn (Lyford, Charles) (Entered: 12/09/2014) |
| 12/09/2014 | 19 | | ANSWER to 13 Amended Complaint with Jury Demand by Roy Griffin, William Straughn.(Lyford, Charles) (Entered: 12/09/2014) |
| 12/09/2014 | 20 | | SUMMONS Returned Executed. William Straughn served on 12/1/2014. (mef) (Entered: 12/09/2014) |
| 12/09/2014 | 21 | | SUMMONS Returned Executed. Roy Griffin served on 12/1/2014. (rhm) (Entered: 12/09/2014) |
| 12/12/2014 | 22 | | NOTICE of Appearance by Michael Paul Vanderford on behalf of Maxor Pharmacy (Vanderford, Michael) (Entered: 12/12/2014) |
| 12/12/2014 | 23 | | MOTION to Dismiss *and, in the Alternative, Answer to Plaintiff's Complaint* by Maxor Pharmacy (Vanderford, Michael) (Entered: 12/12/2014) |
| 12/19/2014 | 24 | | RESPONSES to 19 Answer to Amended Complaint and 23 Motion to Dismiss by Steven Pinder. (ljb) (Entered: 12/19/2014) |
| 12/19/2014 | 25 | | MOTION for Temporary Restraining Order by Steven Pinder. (kdr) (Entered: 12/19/2014) |
| 12/24/2014 | 26 | | SUMMONS Returned Executed. Alva Green McDowell served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 27 | | SUMMONS Returned Executed. Dotson served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 28 | | SUMMONS Returned Executed. Sonya Davis−Peppers served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 29 | | SUMMONS Returned Executed. Jacqueline Carswell served on 12/15/2014. (rhm) (Entered: 12/24/2014) |

| 12/24/2014 | 30 | | SUMMONS Returned Executed. Boston served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
|---|---|---|---|
| 12/24/2014 | 31 | | SUMMONS Returned Executed. Horner served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 32 | | SUMMONS Returned Executed. Hamilton served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 33 | | SUMMONS Returned Executed. Floss served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 34 | | SUMMONS Returned Executed. Correct Care Services served on 12/15/2014. (rhm) (Entered: 12/24/2014) |
| 12/24/2014 | 35 | | RESPONSE to 23 MOTION to Dismiss filed by Steven Pinder. (kdr) (Entered: 12/24/2014) |
| 12/30/2014 | 36 | | AMENDED MOTION for Temporary Restraining Order by Steven Pinder. (ljb) (Entered: 12/30/2014) |
| 01/05/2015 | 37 | | NOTICE of Appearance by Brent Jay Eubanks on behalf of Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Eubanks, Brent) (Entered: 01/05/2015) |
| 01/05/2015 | 38 | | ANSWER to 13 Amended Complaint by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Dotson, Floss, Hamilton, Horner, Alva Green McDowell.(Eubanks, Brent) (Entered: 01/05/2015) |
| 01/06/2015 | 39 | | MOTION to Vacate *Revoke Plaintiff's In Forma Pauperis Status* by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Eubanks, Brent) (Entered: 01/06/2015) |
| 01/06/2015 | 40 | | BRIEF IN SUPPORT re 39 Motion to Vacate, *Revoke Plaintiff's In Forma Pauperis Status* filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) (Entered: 01/06/2015) |
| 01/06/2015 | 41 | | RESPONSE to Motion re 36 MOTION for Temporary Restraining Order filed by Roy Griffin, William Straughn. (Attachments: # 1 Exhibit)(Lyford, Charles) (Entered: 01/06/2015) |
| 01/06/2015 | 42 | | BRIEF IN SUPPORT re 41 Response to Motion filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 01/06/2015) |
| 01/06/2015 | 43 | | REPLY to Response to Motion re 23 MOTION to Dismiss *and, in the Alternative, Answer to Plaintiff's Complaint* filed by Maxor Pharmacy. (Vanderford, Michael) (Entered: 01/06/2015) |
| 01/12/2015 | 44 | | MOTION for Default Judgment against Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Dotson, Floss, Hamilton, Horner, and Alva Green McDowell by Steven Pinder. (kdr) (Entered: 01/12/2015) |
| 01/13/2015 | 45 | | ORDER denying as moot 44 Motion for Default Judgment. Signed by Magistrate Judge Beth Deere on 1/13/2015. (csf) (Entered: 01/13/2015) |

| 01/16/2015 | 46 | | REPLY re 38 Answer to Amended Complaint by Steven Pinder. (kdr) (Entered: 01/16/2015) |
|---|---|---|---|
| 01/16/2015 | 47 | | RESPONSE 39 MOTION to Vacate /Revoke Plaintiff's In Forma Pauperis Status filed by Steven Pinder. (kdr) (Entered: 01/16/2015) |
| 01/16/2015 | 48 | | REPLY to Response re 36 MOTION for Temporary Restraining Order filed by Steven Pinder. (kdr) (Entered: 01/16/2015) |
| 01/21/2015 | 49 | | ORDER granting 39 Motion to Vacate. Mr. Pinder has 30 days to submit the $400 filing fee. His failure to comply with this Order will result in the dismissal of his claims, without prejudice. Signed by Magistrate Judge Beth Deere on 1/21/2015. (ks) (Entered: 01/21/2015) |
| 01/28/2015 | 50 | | OBJECTION and APPEAL of Magistrate Judge Decision to District Court re 49 Order by Steven Pinder. (ljb) (Entered: 01/28/2015) |
| 01/30/2015 | 51 | | ORDER denying Plaintiff's 50 Appeal of Magistrate Judge Deere's Order revoking Plaintiff's in forma pauperis appeal. Plaintiff has 30 days from the date of Judge Deere's opinion to submit the $400 filing fee. Failure to comply with this Order will result in the dismissal of his claims without prejudice. Signed by Judge James M. Moody Jr. on 1/30/2015. (mcz) (Entered: 01/30/2015) |
| 02/06/2015 | 52 | | Mail Returned Undeliverable as to Steven Pinder re 51 Order on Appeal of a Magistrate Judge Decision to District Court. (rhm) (Entered: 02/06/2015) |
| 03/04/2015 | 53 | | MOTION for Ruling by Steven Pinder. (kdr) (Entered: 03/04/2015) |
| 03/09/2015 | 54 | | ORDER denying as moot 53 Motion for Ruling. The Clerk of the Court is directed to provide Mr. Pinder a copy of 51 order. Mr. Pinder may have 30 days from the date of this Order to respond to the Court's 51 January 30, 2015 order. Signed by Magistrate Judge Beth Deere on 3/9/2015. (ks) (Entered: 03/09/2015) |
| 03/13/2015 | 55 | | NOTICE OF APPEAL as to 51 Order, by Steven Pinder. (mcz) (Entered: 03/16/2015) |
| 03/16/2015 | 56 | | Appellate Filing Fee Notice with IFP Application and calculation sheet issued to Plaintiff. Response due by 4/20/2015. (mcz) (Entered: 03/16/2015) |
| 03/30/2015 | 57 | | MOTION for Leave to Appeal in forma pauperis, by Steven Pinder. (mcz) (Entered: 03/30/2015) |
| 04/01/2015 | 58 | | ORDER denying Plaintiff's 57 Motion for Leave to Appeal in forma pauperis. Mr. Pinder must either pay to this Court the full $505 appellate filing and docketing fee or file an application to proceed in forma pauperis with the United States Court of Appeals for the Eighth Circuit within 30 days. Signed by Judge James M. Moody Jr. on 4/1/2015. (mcz) (Entered: 04/01/2015) |
| 04/01/2015 | 59 | | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to 55 Notice of Appeal filed by Steven Pinder re: 51 Order on Appeal of a 49 Magistrate Judge Decision. (mcz) (Entered: 04/01/2015) |
| 04/10/2015 | 60 | | USCA Docketing Letter as to 55 Notice of Appeal filed by Steven Pinder. USCA Case Number 15–1721. (mcz) (Entered: 04/10/2015) |

| 04/10/2015 | 61 | ORDER of USCA as to 55 Notice of Appeal filed by Steven Pinder: The district court has determined that Appellant has three "strikes." Accordingly, Appellant may not proceed in this appeal without first paying the full $505 appellate docketing fee. Appellant is directed to pay the fee to the United States District Court or file a pleading in this court explaining why Appellant is eligible to proceed without pre−payment of the fee. If appellant fails to pay the fee or respond to this order within 30 days of this order, the appeal will be dismissed. Compliance is due 5/11/2015. (mcz) (Entered: 04/10/2015) |
|---|---|---|
| 04/13/2015 | 62 | RECOMMENDED DISPOSITION recommending plaintiff's claims be dismissed based on his failure to comply with 54 Order; recommending 23 25 36 motions be denied as moot. Objections due within 14 days of the Recommendation. Signed by Magistrate Judge Beth Deere on 4/13/2015. (ks) (Entered: 04/13/2015) |
| 04/20/2015 | 63 | OBJECTION to 62 Report and Recommendations by Steven Pinder (tjb) (Entered: 04/20/2015) |
| 04/20/2015 | 64 | ORDER ADOPTING 62 Recommended Disposition. Mr. Pinder's claims are DISMISSED, without prejudice, based on his failure to comply with the Court's 3/9/2015 Order. The pending motions (docket entries 23 , 25 , and 36 ) are DENIED, as moot. Signed by Judge James M. Moody Jr. on 4/20/2015. (mcz) (Entered: 04/20/2015) |
| 04/20/2015 | 65 | JUDGMENT: Consistent with 64 Order, this case is hereby DISMISSED, WITHOUT PREJUDICE. Signed by Judge James M. Moody Jr. on 4/20/2015. (mcz) (Entered: 04/20/2015) |
| 05/06/2015 | 66 | MOTION for Leave to Appeal in forma pauperis, by Steven Pinder. (mcz) (Entered: 05/06/2015) |
| 05/06/2015 | 67 | NOTICE OF APPEAL as to 64 Order and 65 Judgment, by Steven Pinder. (mcz) (Entered: 05/06/2015) |
| 05/15/2015 | 68 | ORDER denying Plaintiff's 66 Motion for Leave to Appeal in forma pauperis. Mr. Pinder must either pay to this Court the full $505 appellate filing and docketing fee or file an application to proceed in forma pauperis with the United States Court of Appeals within 30 days. Signed by Judge James M. Moody Jr. on 5/15/2015. (mcz) (Entered: 05/15/2015) |
| 05/15/2015 | 69 | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to 67 Notice of Appeal filed by Steven Pinder re: 64 Order Adopting Report and Recommendations and 65 Judgment. (mcz) (Entered: 05/15/2015) |
| 05/18/2015 | 70 | USCA Docketing Letter as to 67 Notice of Appeal filed by Steven Pinder. USCA Case Number 15−2033. This appeal has been consolidated with previous appeal No. 5−1721. (mcz) (Entered: 05/18/2015) |
| 05/27/2015 | 71 | MOTION for Relief from 65 Judgment by Steven Pinder (mcz) (Entered: 05/27/2015) |
| 05/29/2015 | 72 | ORDER denying 71 Motion for Relief. Signed by Judge James M. Moody Jr. on 5/29/2015. (ks) (Entered: 05/29/2015) |
| 06/03/2015 | 73 | Amended NOTICE OF APPEAL as to 72 Order on Motion for Relief by Steven Pinder. (mcz) (Entered: 06/03/2015) |

| 06/25/2015 | 74 | | MOTION for Copies, by Steven Pinder. (mcz) (Entered: 06/25/2015) |
|---|---|---|---|
| 06/29/2015 | 75 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 74 Motion for Copies. The clerk is directed to provide Plaintiff with a copy of docket entries 43, 52, 60, 61 and 70. Signed by Judge James M. Moody Jr. on 6/29/15. (amr) (Entered: 06/29/2015) |
| 10/20/2015 | 76 | | MOTION for Relief from 65 Judgment, by Steven Pinder. (mcz) (Entered: 10/20/2015) |
| 10/20/2015 | 77 | | BRIEF IN SUPPORT of 76 Motion for Relief from Judgment filed by Steven Pinder. (mcz) (Entered: 10/20/2015) |
| 10/20/2015 | 78 | | MOTION for Copies, by Steven Pinder. (mcz) (Entered: 10/20/2015) |
| 10/20/2015 | 79 | | ORDER denying Plaintiff's 76 Motion for Relief from Judgment. Signed by Judge James M. Moody Jr. on 10/20/2015. (mcz) (Entered: 10/20/2015) |
| 10/21/2015 | 80 | | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting in part and denying in part 78 Motion for Copies. The Clerk is directed to provide to the Plaintiff a copy of the docket sheet along with copies of docket entries 39, and 71. An additional copy of docket entry 70 was provided to Plaintiff on June 30, 2015, no additional copies will be provided free of charge. Signed by Judge James M. Moody Jr. on 10/21/15. (amr) (Entered: 10/21/2015) |
| 10/29/2015 | 81 | | OPINION of USCA as to 55 and 67 Notices of Appeal and 73 Amended Notice of Appeal, filed by Steven Pinder. (mcz) (Entered: 10/29/2015) |
| 10/29/2015 | 82 | | USCA JUDGMENT as to 55 and 67 Notices of Appeal and 73 Amended Notice of Appeal filed by Steven Pinder: The judgment of the district court in this cause is vacated and the cause is remanded to the district court for proceedings consistent with the opinion of this court. Appellant is assessed the full $505 appellate filing and docketing fees. Appellant may pay the filing fee in installments in accordance with 28 U.S.C. §1915(b). The court remands assessment and collection of those fees to the district court. Received from USCA via e−mail. (mcz) (Entered: 10/29/2015) |
| 11/06/2015 | 83 | | MOTION to Hold Matter in Abeyance for 60 Days, by Steven Pinder. (mcz) (Entered: 11/06/2015) |
| 11/19/2015 | 84 | | MANDATE of USCA in accordance with the judgment of 10/29/2015, as to 55 and 67 Notices of Appeal and 73 Amended Notice of Appeal filed by Steven Pinder. (mcz) (Entered: 11/19/2015) |
| 11/19/2015 | 85 | | ORDER: This case is hereby referred to United States Magistrate Judge Beth Deere for all pre−trial matters. Signed by Judge James M. Moody Jr. on 11/19/2015. (ks) (Entered: 11/19/2015) |
| 11/23/2015 | 86 | | MOTION to Take Deposition from Steven Pinder by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis−Peppers, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Eubanks, Brent) (Entered: 11/23/2015) |
| 11/23/2015 | 87 | | BRIEF IN SUPPORT re 86 Motion to Take Deposition filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis−Peppers, Dotson, |

| | | | |
|---|---|---|---|
| | | | Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) (Entered: 11/23/2015) |
| 11/30/2015 | 88 | | ORDER granting in part and denying in part 83 Motion for Order; granting 86 Motion to Take Deposition from Steven Pinder. This matter will be held in abeyance for 30 days. Defendants may not schedule Mr. Pinder's deposition while this matter is in abeyance. Signed by Magistrate Judge Beth Deere on 11/30/2015. (csf) (Entered: 11/30/2015) |
| 02/04/2016 | 89 | | MOTION to Change a Party's Name by Steven Pinder. (ljb) (Entered: 02/04/2016) |
| 02/11/2016 | 90 | | ORDER directing the Clerk to update the docket sheet to identify the John Doe defendant as Jorge Domenicis 89 ; the Clerk is directed to prepare a summons for defendant Domenicis and the US Marshal is directed to serve a copy of the complaint 2 and the amended complaint 13 along with any attachments and a summons for this defendant; service should be through Correct Care Solutions, without prepayment of fees and costs or posting security. Signed by Magistrate Judge Beth Deere on 2/11/16. (tjb) (Entered: 02/11/2016) |
| 02/11/2016 | | | Summons Issued as to Jorge Domenicis and forwarded to the US Marshal for service (tjb) (Entered: 02/11/2016) |
| 02/23/2016 | 91 | | SUMMONS Returned Executed. Jorge Domenicis served on 2/18/2016. (mef) (Entered: 02/23/2016) |
| 03/01/2016 | 92 | | NOTICE of Appearance by Brent Jay Eubanks on behalf of Jorge Domenicis (Eubanks, Brent) (Entered: 03/01/2016) |
| 03/01/2016 | 93 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Jorge Domenicis (Eubanks, Brent) (Entered: 03/01/2016) |
| 03/01/2016 | 94 | | BRIEF IN SUPPORT re 93 Motion to Dismiss for Failure to State a Claim filed by Jorge Domenicis. (Eubanks, Brent) (Entered: 03/01/2016) |
| 03/07/2016 | 95 | | PARTIAL RECOMMENDED DISPOSITION recommending Mr. Pinder's claims against Jane Doe be dismissed without prejudice because she was not served with process within the time allowed by the Rules 2 ; Objections due within 14 days of this Recommendation. Signed by Magistrate Judge Beth Deere on 3/7/16. (tjb) (Docket text modified on 3/7/2016 to correct the description of the document).(jak) (Entered: 03/07/2016) |
| 03/07/2016 | | | NOTICE OF DOCKET CORRECTION re 95 PARTIAL RECOMMENDED DISPOSITION. CORRECTION: The docket text was modified to correct the description of the document filed as "PARTIAL RECOMMENDED DISPOSITION recommending Mr. Pinder's claims against Jane Doe be dismissed without prejudice because she was not served with process within the time allowed by the Rules 2 ; Objections due within 14 days of this Recommendation". (jak) (Entered: 03/07/2016) |
| 03/08/2016 | 96 | | RESPONSE to 93 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Steven Pinder. (kdr) (Entered: 03/08/2016) |
| 03/16/2016 | 97 | | NOTICE of Change of Address by Steven Pinder (tjb) (Entered: 03/16/2016) |

| 03/29/2016 | 98 | | ORDER ADOPTING 95 Partial Recommended Disposition. Mr. Pinder's claims against Defendant Jane Doe are DISMISSED, without prejudice. Signed by Judge James M. Moody Jr. on 3/29/2016. (mcz) (Entered: 03/29/2016) |
|---|---|---|---|
| 03/31/2016 | 99 | | REQUEST FOR INJUNCTION AND SUPPLEMENTAL COMPLAINT filed by Steven Pinder 13 . (tjb) (Entered: 03/31/2016) |
| 03/31/2016 | 100 | | PARTIAL RECOMMENDED DISPOSITION directing the Clerk of the Court to update the docket sheet to reflect the correct spelling of defendant Jorge Domincis's name; recommending that defendant Dominicis's motion to dismiss be denied as moot and that Mr. Pinder's response to the motion to dismiss be filed as a supplement to the amended complaint 93 ; Objections due within 14 days of this Recommendation. Signed by Magistrate Judge Beth Deere on 3/31/16. (tjb) (Entered: 03/31/2016) |
| 04/13/2016 | 101 | | ANSWER to 2 Complaint , *Amended Complaint and Supplemental Complaint(s)* by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell.(Eubanks, Brent) (Entered: 04/13/2016) |
| 04/14/2016 | 102 | | RESPONSE re 99 Addendum *(Plaintiff's Motion for Preliminary Injunction, DE# 99)* by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Attachments: # 1 Exhibit A – Plaintiff's Drug Prescription Order)(Eubanks, Brent) (Entered: 04/14/2016) |
| 04/15/2016 | 103 | | ORDER ADOPTING 100 Partial Report and Recommendations. Defendant Dominicis's 93 Motion to Dismiss is DENIED, as moot. Mr. Pinder's 96 Response is to be filed as a supplement to the amended complaint. Signed by Judge James M. Moody Jr. on 4/15/2016. (mcz) (Entered: 04/15/2016) |
| 04/15/2016 | 104 | | ANSWER to 105 Supplement to Amended Complaint by Maxor Pharmacy.(Vanderford, Michael) (Docket entry modified on 4/19/2016 to correct the linkage.) (thd). (Entered: 04/15/2016) |
| 04/15/2016 | 105 | | SUPPLEMENT filed by Steven Pinder to 13 Amended Complaint. Filed pursuant to 103 Order. (mcz) (Entered: 04/15/2016) |
| 04/15/2016 | 106 | | ANSWER to 2 Complaint *and Supplement to Complaint 105* by Roy Griffin, William Straughn.(Lyford, Charles) (Entered: 04/15/2016) |
| 04/19/2016 | | | NOTICE OF DOCKET CORRECTION re: 104 Answer. CORRECTION: The docket entry was modified to correct the linkage as follows: "Answer to 105 Supplement to Amended Complaint." (thd) (Entered: 04/19/2016) |
| 04/25/2016 | 107 | | REPLY re 102 Response, by Steven Pinder. (kdr) (Entered: 04/25/2016) |
| 04/25/2016 | 108 | | BRIEF IN SUPPORT re 107 Reply (Non Motion) filed by Steven Pinder. (kdr) (Entered: 04/25/2016) |
| 04/28/2016 | 109 | | Objection re 102 Response (Non Motion), by Steven Pinder. (kdr) (Entered: 04/28/2016) |
| 04/28/2016 | 110 | | REPLY re 106 Answer to Complaint by Steven Pinder. (kdr) (Entered: 04/28/2016) |

| 04/28/2016 | 111 | REPLY re 101 Answer to Complaint, by Steven Pinder. (kdr) (Entered: 04/28/2016) |
|---|---|---|
| 04/28/2016 | 112 | NOTICE, CONSENT AND REFERENCE to a Magistrate Judge forwarded by the Clerk of Court. (csf) (Entered: 04/28/2016) |
| 04/28/2016 | 113 | INITIAL SCHEDULING ORDER: Any failure–to–exhaust defense must be raised by motion for summary judgment by 6/13/2016; discovery deadline is 9/26/2016; summary judgment motions on the merits due by 10/11/2016. Signed by Magistrate Judge Beth Deere on 4/28/2016. (csf) (Entered: 04/28/2016) |
| 06/13/2016 | 114 | MOTION for Summary Judgment *on the Issue of Exhaustion* by Roy Griffin, William Straughn (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Affidavit)(Lyford, Charles) (Entered: 06/13/2016) |
| 06/13/2016 | 115 | STATEMENT OF FACTS (Local Rule 56.1) re 114 Motion for Summary Judgment *on the Issue of Exhaustion* filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 06/13/2016) |
| 06/13/2016 | 116 | BRIEF IN SUPPORT re 114 Motion for Summary Judgment *on the Issue of Exhaustion* filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 06/13/2016) |
| 06/13/2016 | 117 | MOTION for Summary Judgment by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Eubanks, Brent) (Entered: 06/13/2016) |
| 06/13/2016 | 118 | BRIEF IN SUPPORT re 117 Motion for Summary Judgment filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) (Entered: 06/13/2016) |
| 06/13/2016 | 119 | STATEMENT OF FACTS (Local Rule 56.1) re 117 Motion for Summary Judgment, 118 Brief in Support filed by Boston, Correct Care Services, Jorge Dominicis, Dotson, Floss, Hamilton, Horner. (Attachments: # 1 Exhibit A – ADMIN DIRECTIVE 10–32, # 2 Exhibit B – ADMIN DIRECTIVE 12–16, # 3 Exhibit C – ADMIN DIRECTIVE 14–16, # 4 Exhibit D – PLAINTIFF'S RELEVANT GRIEVANCE RECORDS, # 5 Exhibit E – DECLARATION OF SHELLY BYERS)(Eubanks, Brent) (Entered: 06/13/2016) |
| 06/13/2016 | 120 | MOTION for Summary Judgment *ON THE ISSUE OF EXHAUSTION* by Maxor Pharmacy (Vanderford, Michael) (Entered: 06/13/2016) |
| 06/13/2016 | 121 | BRIEF IN SUPPORT re 120 Motion for Summary Judgment *ON THE ISSUE OF EXHAUSTION* filed by Maxor Pharmacy. (Vanderford, Michael) (Entered: 06/13/2016) |
| 06/17/2016 | 122 | ORDER advising Mr. Pinder he has 14 days to respond to the pending motions for summary judgment 114 , 117 , and 120 . Signed by Magistrate Judge Beth Deere on 6/17/16. (tjb) (Entered: 06/17/2016) |
| 07/05/2016 | 123 | RESPONSE in Opposition to 114 , 117 , and 120 Motions for Summary Judgment filed by Steven Pinder. (ljb) (Entered: 07/05/2016) |

| 07/05/2016 | 124 | | BRIEF IN SUPPORT of 123 Response in Opposition to Motion filed by Steven Pinder. (ljb) (Entered: 07/05/2016) |
|---|---|---|---|
| 07/05/2016 | 125 | | STATEMENT OF DISPUTED FACTS re 123 Response in Opposition to Motion filed by Steven Pinder. (ljb) (Entered: 07/05/2016) |
| 07/06/2016 | 126 | | MOTION for a copy of the docket sheet by Steven Pinder (tjb) (Entered: 07/06/2016) |
| 07/06/2016 | 127 | | MOTION to Appoint Counsel by Steven Pinder (tjb) (Entered: 07/06/2016) |
| 07/06/2016 | 128 | | MEMORANDUM OF LAW IN SUPPORT re 127 Motion to Appoint Counsel filed by Steven Pinder. (tjb) (Entered: 07/06/2016) |
| 07/06/2016 | 129 | | DECLARATION by Steven Pinder re 127 Motion to Appoint Counsel (tjb) (Entered: 07/06/2016) |
| 07/06/2016 | 130 | | ORDER granting 126 Plaintiff's motion for a copy of the docket sheet; directing the Clerk of the Court to send Mr. Pinder a copy of the docket sheet and this order; and denying 127 motion for court–appointed counsel. Signed by Magistrate Judge Beth Deere on 7/6/2016. (mef) (Entered: 07/06/2016) |
| 07/12/2016 | 131 | | REPLY to Response to Motion re 117 MOTION for Summary Judgment filed by Boston, Correct Care Services, Jorge Dominicis, Dotson, Floss, Hamilton, Horner. (Eubanks, Brent) (Entered: 07/12/2016) |
| 07/19/2016 | 132 | | MOTION for Subpoenas by Steven Pinder. (kdr) (Entered: 07/19/2016) |
| 07/19/2016 | 133 | | REPLY to Response to Motion re 117 MOTION for Summary Judgment filed by Steven Pinder. (kdr) (Entered: 07/19/2016) |
| 07/19/2016 | 134 | | ORDER denying 132 Motion for blank subpoenas duces tecum. Signed by Magistrate Judge Beth Deere on 7/19/2016. (csf) (Entered: 07/19/2016) |
| 07/26/2016 | 135 | | PARTIAL RECOMMENDED DISPOSITION recommending the pending motions for summary judgment 117 , 114 , and 120 be denied; Objections due within 14 days of this Recommendation. Signed by Magistrate Judge Beth Deere on 7/26/16. (tjb) (Entered: 07/26/2016) |
| 08/05/2016 | 136 | | OBJECTION to 135 Report and Recommendations by Boston, Correct Care Services, Jorge Dominicis, Dotson, Floss, Hamilton, Horner (Eubanks, Brent) (Entered: 08/05/2016) |
| 08/08/2016 | 137 | | ORDER ADOPTING 135 Partial Recommended Disposition. The pending motions for summary judgment, 114 , 117 , and 120 are DENIED. Signed by Judge James M. Moody Jr. on 8/8/2016. (mcz) (Entered: 08/08/2016) |
| 08/15/2016 | 138 | | MOTION to Compel by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Attachments: # 1 Exhibit Exhibit A – LTR with Discovery, # 2 Exhibit Exhibit B – Good Faith LTR, # 3 Exhibit Exhibit C – Plaintiff's RSP to Discovery, # 4 Exhibit Exhibit D – Deposition Transcript)(Eubanks, Brent) (Entered: 08/15/2016) |
| 08/15/2016 | 139 | | BRIEF IN SUPPORT re 138 Motion to Compel, filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) |

| | | | |
|---|---|---|---|
| | | | (Entered: 08/15/2016) |
| 08/16/2016 | 140 | | ORDER granting in part 138 Medical Defendants' motion to compel. Mr. Pinder has 30 days from the date of this order to complete a HIPAA–compliant medical authorization and to provide that authorization to counsel for the Medical Defendants. Failure to comply with this Court's order could result in the dismissal of this lawsuit without prejudice. Signed by Magistrate Judge Beth Deere on 8/16/2016. (mef) (Entered: 08/16/2016) |
| 08/22/2016 | 141 | | RESPONSE to 138 MOTION to Compel filed by Steven Pinder. (kdr) (Entered: 08/22/2016) |
| 08/26/2016 | 142 | | RESPONSE re 140 Order on Motion to Compel, by Steven Pinder. (kdr) (Entered: 08/26/2016) |
| 08/26/2016 | 143 | | MOTION for Issuance of Subpoenas by Steven Pinder. (kdr) (Entered: 08/26/2016) |
| 08/29/2016 | 144 | | ORDER granting 143 Motion for issuance of subpoena. The Clerk is instructed to prepare a subpoena duces tecum to the Records Custodian, Jones Eye Institute, UAMS, Dept. of Ophthalmology,4301 W. Markham St., Little Rock, AR 72205 for the production of Mr. Pinder's medical records from March 2013 to the present date. The U.S. Marshal is instructed to serve the subpoena on Mr. Pinder's behalf, without requiring prepayment of costs or security. These documents may be produced to the Court on or before 9/19/2016 through the United States Mail. Signed by Magistrate Judge Beth Deere on 8/29/2016. (csf) (Entered: 08/29/2016) |
| 08/29/2016 | | | Remark, Subpoena Duces Tecum issued to Records Custodian, Jones Eye Institute, pursuant to 144 Order and forwarded to U. S. Marshal for service (csf) (Entered: 08/29/2016) |
| 09/07/2016 | 145 | | Subpoena Duces Tecum returned executed on 9/6/2016. (scw) (Entered: 09/08/2016) |
| 09/09/2016 | 146 | | MOTION to Compel Discovery filed by Steven Pinder. (mef) (Entered: 09/09/2016) |
| 09/09/2016 | 147 | | BRIEF IN SUPPORT re 146 Motion to Compel filed by Steven Pinder. (mef) (Entered: 09/09/2016) |
| 09/09/2016 | 148 | | DECLARATION in Support of 146 Motion to Compel filed by Steven Pinder. (mef) (Entered: 09/09/2016) |
| 09/09/2016 | 149 | | MOTION to Clarify 144 Order filed by Steven Pinder. (mef) (Entered: 09/09/2016) |
| 09/09/2016 | 150 | | NOTICE of Filing of Authorization to Disclose Health Information by Steven Pinder. (mef) (Entered: 09/09/2016) |
| 09/14/2016 | 151 | | ORDER granting 149 Motion to Clarify. After the Court receives the medical records at issue, the Court will provide copies to Mr. Pinder. Signed by Magistrate Judge Beth Deere on 9/14/2016. (csf) (Entered: 09/14/2016) |
| 09/19/2016 | 152 | | MOTION for Preliminary Injunction by Steven Pinder. (kdr) (Entered: 09/19/2016) |

| 09/19/2016 | 153 | | BRIEF IN SUPPORT re 152 Motion for Preliminary Injunction filed by Steven Pinder. (kdr) (Entered: 09/19/2016) |
|---|---|---|---|
| 09/19/2016 | 154 | | DECLARATION in Support re 152 Motion for Preliminary Injunction filed by Steven Pinder. (kdr) (Entered: 09/19/2016) |
| 09/20/2016 | 155 | | ORDER, the Medical Defendants are instructed to notify the Court within 14 days whether the 150 authorization by Mr. Pinder is a HIPAA–compliant medical authorization and whether it allows the Medical Defendants appropriate access to Mr. Pinder's relevant medical information. The Clerk of Court is directed to file the medical records, produced under subpoena per 144 Order, under seal. Signed by Magistrate Judge Beth Deere on 9/20/2016. (csf) (Docket text modified on 9/21/2016 to correct a typographical error).(jak) (Entered: 09/20/2016) |
| 09/20/2016 | 156 | | SEALED DOCUMENT. (mef) (Entered: 09/21/2016) |
| 09/22/2016 | 157 | | NOTICE by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell re 155 Order,, *Response to the Court's September 20, 2016, Order* (Eubanks, Brent) (Entered: 09/22/2016) |
| 09/22/2016 | 158 | | MOTION for Sanctions by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Eubanks, Brent) (Entered: 09/22/2016) |
| 09/22/2016 | 159 | | BRIEF IN SUPPORT re 158 Motion for Sanctions filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) (Entered: 09/22/2016) |
| 09/23/2016 | 160 | | MOTION for Summary Judgment by Maxor Pharmacy (Vanderford, Michael) (Entered: 09/23/2016) |
| 09/23/2016 | 161 | | BRIEF IN SUPPORT re 160 Motion for Summary Judgment filed by Maxor Pharmacy. (Vanderford, Michael) (Entered: 09/23/2016) |
| 09/23/2016 | 162 | | STATEMENT OF FACTS (Local Rule 56.1) re 160 Motion for Summary Judgment filed by Maxor Pharmacy. (Vanderford, Michael) (Entered: 09/23/2016) |
| 09/23/2016 | 163 | | RESPONSE in Opposition re 146 MOTION to Compel filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Attachments: # 1 Exhibit "A", Affidavit of Monica Fryar)(Eubanks, Brent) (Entered: 09/23/2016) |
| 09/26/2016 | 164 | | ORDER, Mr. Pinder has 14 days from date of this Order to file a response to 160 MOTION for Summary Judgment filed by Maxor Pharmacy. Signed by Magistrate Judge Beth Deere on 9/26/2016. (csf) (Entered: 09/26/2016) |
| 09/28/2016 | 165 | | RESPONSE to 158 MOTION for Sanctions filed by Steven Pinder. (kdr) (Entered: 09/28/2016) |
| 09/29/2016 | 166 | | RESPONSE in Opposition re 152 MOTION for Preliminary Injunction filed by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, |

| | | | |
|---|---|---|---|
| | | | Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell. (Eubanks, Brent) (Entered: 09/29/2016) |
| 09/30/2016 | 167 | | RESPONSE re 164 Order by Steven Pinder. (mef) (Entered: 09/30/2016) |
| 10/04/2016 | 168 | | ORDER, the Clerk of Court is directed to send Mr. Pinder a copy of 160 MOTION for Summary Judgment filed by Maxor Pharmacy, 161 Brief in Support, and 162 Statement of Undisputed Facts. If Mr. Pinder wishes to respond to Maxor's motion, he must do so on or before 10/20/2016. Signed by Magistrate Judge Beth Deere on 10/4/2016. (csf) (Entered: 10/04/2016) |
| 10/06/2016 | 169 | | RESPONSE to 160 MOTION for Summary Judgment filed by Steven Pinder. (kdr) (Entered: 10/06/2016) |
| 10/06/2016 | 170 | | BRIEF IN SUPPORT re 169 Response to Motion filed by Steven Pinder. (kdr) (Entered: 10/06/2016) |
| 10/06/2016 | 171 | | STATEMENT OF DISPUTED FACTS (Local Rule 56.1) re 169 Response to Motion filed by Steven Pinder. (kdr) (Entered: 10/06/2016) |
| 10/10/2016 | 172 | | MOTION for Extension of Time to File *Dispositive Motion* by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell (Eubanks, Brent) (Entered: 10/10/2016) |
| 10/11/2016 | 173 | | ORDER granting 172 Motion for Extension of Time. If Mr. Pinder completes a HIPAA compliant medical authorization, the Medical Defendants will have 90 days from that date to file a dispositive motion. Signed by Magistrate Judge Beth Deere on 10/11/2016. (csf) (Entered: 10/11/2016) |
| 10/11/2016 | 174 | | MOTION for Summary Judgment by Roy Griffin, William Straughn (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Affidavit, # 7 Exhibit, # 8 Affidavit, # 9 Affidavit, # 10 Exhibit)(Lyford, Charles) (Entered: 10/11/2016) |
| 10/11/2016 | 175 | | STATEMENT OF FACTS (Local Rule 56.1) re 174 Motion for Summary Judgment, filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 10/11/2016) |
| 10/11/2016 | 176 | | BRIEF IN SUPPORT re 174 Motion for Summary Judgment, filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 10/11/2016) |
| 10/12/2016 | 177 | | RENEWED MOTION to Compel Discovery by Steven Pinder. (ljb) (Entered: 10/12/2016) |
| 10/19/2016 | 178 | | MOTION for Copies by Steven Pinder. (kdr) (Entered: 10/19/2016) |
| 10/20/2016 | 179 | | ORDER granting 178 Mr. Pinder's motion for copies and for additional time to respond to the motion; and directing the Clerk of the Court to send Mr. Pinder copies of docket entries 160 , 161 , and 162 along with a copy of this Order. If Mr. Pinder wishes to respond to Maxor's motion, he must do so on or before 11/7/2016. Signed by Magistrate Judge Beth Deere on 10/20/2016. (mef) (Entered: 10/20/2016) |
| 10/24/2016 | 180 | | RESPONSE in Opposition to 174 Motion for Summary Judgment filed by Steven Pinder. (mef) (Entered: 10/24/2016) |

| 10/24/2016 | 181 | | STATEMENT OF FACTS (Local Rule 56.1) re 180 Response in Opposition to Motion filed by Steven Pinder. (kdr) (Entered: 10/24/2016) |
|---|---|---|---|
| 10/24/2016 | 182 | | DECLARATION re 180 Response in Opposition to Motion filed by Steven Pinder. (kdr) (Entered: 10/24/2016) |
| 11/01/2016 | 183 | | REPLY to Response to Motion re 174 MOTION for Summary Judgment filed by Roy Griffin, William Straughn. (Lyford, Charles) (Entered: 11/01/2016) |
| 11/02/2016 | 184 | | REVISED RESPONSE in Opposition to 160 Motion for Summary Judgment filed by Steven Pinder. (ljb) (Entered: 11/02/2016) |
| 11/02/2016 | 185 | | BRIEF IN SUPPORT of 184 Revised Response in Opposition to Motion filed by Steven Pinder. (ljb) (Entered: 11/02/2016) |
| 11/02/2016 | 186 | | REVISED STATEMENT OF FACTS re 184 Revised Response filed by Steven Pinder. (ljb) (Entered: 11/02/2016) |
| 11/09/2016 | 187 | | MOTION for Partial Summary Judgment by Steven Pinder. (kdr) (Entered: 11/09/2016) |
| 11/09/2016 | 188 | | BRIEF IN SUPPORT re 187 Motion for Partial Summary Judgment filed by Steven Pinder. (kdr) (Entered: 11/09/2016) |
| 11/09/2016 | 189 | | STATEMENT OF FACTS (Local Rule 56.1) re 187 Motion for Partial Summary Judgment filed by Steven Pinder. (kdr) (Entered: 11/09/2016) |
| 11/23/2016 | 190 | | RESPONSE in Opposition re 187 MOTION for Partial Summary Judgment filed by William Straughn. (Lyford, Charles) (Entered: 11/23/2016) |
| 11/23/2016 | 191 | | STATEMENT OF FACTS (Local Rule 56.1) re 190 Response in Opposition to Motion filed by William Straughn. (Lyford, Charles) (Entered: 11/23/2016) |
| 11/23/2016 | 192 | | BRIEF IN SUPPORT re 190 Response in Opposition to Motion filed by William Straughn. (Lyford, Charles) (Entered: 11/23/2016) |
| 12/05/2016 | 193 | | NOTICE of Filing of Amended Health Insurance Portability and Accountability Act Authorization to Disclose Health Information by Steven Pinder. (kdr) (Entered: 12/05/2016) |
| 12/07/2016 | 194 | | PUBLIC NOTICE: Effective immediately the Pine Bluff Division will be an unstaffed office. Entered by the Clerk of Court on 12/07/2016. (rhm) (Entered: 12/07/2016) |
| 12/08/2016 | 195 | | SUPPLEMENT to 162 STATEMENT OF FACTS (Local Rule 56.1) filed by Maxor Pharmacy. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Vanderford, Michael) (Docket text modified on 12/9/2016 to correct the description of the document filed). (jak) (Entered: 12/08/2016) |
| 12/09/2016 | | | NOTICE OF DOCKET CORRECTION re 195 Statement of Facts. CORRECTION: The docket text was modified to correct the description of the document filed as "SUPPLEMENT to 162 Statement of Facts" as marked on the document. (jak) (Entered: 12/09/2016) |
| 01/01/2017 | 196 | | NOTICE by Boston, Jacqueline Carswell, Correct Care Services, Sonya Davis–Peppers, Jorge Dominicis, Dotson, Floss, Hamilton, Horner, Alva Green McDowell re 193 Notice (Other) (Eubanks, Brent) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/01/2017) |
| 01/10/2017 | 197 | | NOTICE of Appearance by Amber R. Schubert on behalf of Roy Griffin, William Straughn (Schubert, Amber) (Entered: 01/10/2017) |
| 01/10/2017 | 198 | | MOTION to Substitute Attorney by Roy Griffin, William Straughn (Schubert, Amber) (Entered: 01/10/2017) |
| 01/12/2017 | 199 | | RESPONSE to 196 Notice filed by Steven Pinder. (mef) (Entered: 01/12/2017) |
| 01/12/2017 | 200 | | ORDER granting 198 motion to substitute counsel; relieving Charles W. Lyford; and substituting Amber R. Schubert as attorney of record for the Defendants. Signed by Magistrate Judge Beth Deere on 1/12/2017. (mef) (Entered: 01/12/2017) |
| 01/17/2017 | 201 | | MOTION for Preliminary Injunction by Steven Pinder. (ljb) (Entered: 01/17/2017) |
| 01/17/2017 | 202 | | MEMORANDUM of Law in Support of 201 Motion for Preliminary Injunction filed by Steven Pinder. (ljb) (Entered: 01/17/2017) |
| 01/17/2017 | 203 | | MOTION to Amend the 2 Complaint by Steven Pinder. (ljb) (Entered: 01/17/2017) |
| 01/19/2017 | 204 | | ORDER denying 203 Motion to Amend Complaint. Signed by Magistrate Judge Beth Deere on 1/19/2017. (csf) (Entered: 01/19/2017) |
| 01/27/2017 | 205 | | RESPONSE in Opposition re 201 MOTION for Preliminary Injunction filed by Roy Griffin, William Straughn. (Schubert, Amber) (Entered: 01/27/2017) |
| 01/27/2017 | 206 | 20 | RECOMMENDED DISPOSITION recommending that the 160 174 motions for summary judgment filed by Maxor Pharmacy and the ADC Defendants be granted; Mr. Pinder's claims against Maxor Pharmacy and the ADC Defendants be dismissed, with prejudice; 158 the Medical Defendants' motion for sanctions be granted; Mr. Pinder's claims against the Medical Defendants be dismissed, without prejudice; and 146 152 177 187 201 Mr. Pinder's pending motions be denied, as moot. Objections due within 14 days of this Recommendation. Signed by Magistrate Judge Beth Deere on 1/27/2017. (kdr) (Entered: 01/27/2017) |
| 02/07/2017 | 207 | | OBJECTION to 206 Report and Recommendations by Steven Pinder. (kdr) (Entered: 02/07/2017) |
| 02/09/2017 | 208 | 35 | ORDER approving and adopting the 206 Recommended Disposition as this Court's findings in all respects; denying as moot Mr. Pinder's 146 , 152 , 177 , and 187 motions; granting 160 and 174 motions for summary judgment; and granting 158 motion for sanctions. Mr. Pinder's claims against Maxor Pharmacy and the ADC Defendants are dismissed, with prejudice. Signed by Judge James M. Moody Jr. on 2/9/2017. (ljb) (Entered: 02/09/2017) |
| 02/09/2017 | 209 | 36 | JUDGMENT Consistent with the 208 Order entered on this day, this case is hereby dismissed. Signed by Judge James M. Moody Jr. on 2/9/2017. (mcz) (Entered: 02/09/2017) |
| 02/09/2017 | 210 | | APPELLATE FILING FEE NOTICE to Plaintiff. (mcz) (Entered: 02/09/2017) |

| 02/28/2017 | 211 | 37 | NOTICE OF APPEAL as to 208 Order Adopting Report and Recommendations, and 209 Judgment, by Steven Pinder. (fcd) (Entered: 02/28/2017) |
|---|---|---|---|
| 02/28/2017 | 212 | | MOTION for Leave to Appeal in forma pauperis by Steven Pinder. (fcd) (Entered: 02/28/2017) |
| 02/28/2017 | 213 | | DECLARATION of Imminent Danger by Steven Pinder. (mcz) (Entered: 02/28/2017) |
| 03/08/2017 | 214 | 40 | ORDER granting the 212 motion for leave to appeal in forma pauperis; directing an initial partial filing fee of $3.69 be collected from Mr. Pinder's prison trust account and monthly payments thereafter until the entire $505.00 appellate filing fee is paid in full; and directing the Clerk of Court to send a copy of this Order to the Warden of the Varner Unit, the ADC Trust Fund Centralized Banking Office, and the ADC Compliance Office. Signed by Judge James M. Moody Jr. on 3/8/2017. (ljb) (Entered: 03/08/2017) |
| 03/08/2017 | 215 | 42 | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to 211 Notice of Appeal filed by Steven Pinder re: 208 Order and 209 Judgment. (mcz) (Entered: 03/08/2017) |

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

STEVEN PINDER
ADC #123397                                                    **PLAINTIFF**

V.                              **CASE NO. 5:14-CV-359-JM-BD**

ALVA GREEN McDOWELL, et al.                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact

### II.   Background

Steven Pinder, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs and violated his first amendment rights. (Docket entries #2, #13)  The Court initially allowed Mr. Pinder to proceed *in forma pauperis* (IFP), but later revoked his IFP status after determining that he had failed to

sufficiently allege that he was in imminent danger of serious physical harm so as to be exempt from the "three strikes" rule. (#49) After Mr. Pinder failed to timely submit the statutory filing fee, the Court dismissed Mr. Pinder's claims, without prejudice. (#64) Mr. Pinder appealed the Court's decision.[1]

On appeal, the Court of Appeals for the Eighth Circuit granted Mr. Pinder leave to proceed IFP, vacated this Court's orders, and remanded the case for further proceedings. Specifically, the Court stated, "we vacate the district court's orders and remand for the review of the <u>merits</u> of the <u>entire</u> amended complaint." (#81 at p.3) (emphasis added)

The ADC Defendants, the Medical Defendants[2], and Maxor Pharmacy moved for summary judgment on Mr. Pinder's claims against them, arguing that he had failed to exhaust his administrative remedies. (#114, #117, #120) The Court, however, denied the motions based on the explicit instructions of the Court of Appeals. (#137)

Separate Defendant Maxor Correctional Pharmacy Services ("Maxor") and the ADC Defendants have now moved for summary judgment on the merits of Mr. Pinder's claims. (#160, #174) Mr. Pinder has responded to the motions. (#169, #170, #171, #180, #181, #182, #184, #185, #186) In addition, the Medical Defendants have moved to dismiss Mr. Pinder's claims based on his failure to complete a Health Insurance

---

[1] Mr. Pinder also appealed the Court's finding that he was a "three striker" under the Prison Litigation Reform Act.

[2] The Medical Defendants' motion was a motion for partial summary judgment, rather than a motion for summary judgment. (#117)

March 8 2017 p21
Appellate Case: 17-1514   Page: 21   Date Filed: 03/09/2017 Entry ID: 4510466

Portability and Accountability Act (HIIPAA) medical authorization.  (#158)  Mr. Pinder also has filed a motion for partial summary judgment, two motions to compel, and two motions for preliminary injunctive relief.  (#187, #146, #177, #152, #201)

Based on the evidence in the record, the Court recommends that the Defendants' pending motions for summary judgment (#160, #174) be GRANTED.  Mr. Pinder's claims against Maxor, as well as those against the ADC Defendants, should be DISMISSED, with prejudice.[3]  In addition, the Medical Defendants' motion for sanctions (#158) should be GRANTED.  Mr. Pinder's claims against the Medical Defendants should be DISMISSED, without prejudice.  Finally, Mr. Pinder's pending motions (#187, #146, #177, #152, #201) should be DENIED, as moot.

## III.   Discussion

A.     Defendants' Motions for Summary Judgment

1.     Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

---

[3]  Mr. Pinder asserts additional claims in his response to the ADC Defendants' motion for summary judgment.  Because these claims were raised for the first time in the response and are not included in this lawsuit, the Court will not address those claims in this Recommendation.

3

2.      Maxor Correctional Pharmacy Services

Maxor is a mail-order pharmacy and distributer of pharmaceutical services and supplies to Correct Care Services.  On April 7, 2014, Maxor began providing pharmaceutical services and supplies to the Tucker Unit of the ADC.  (#195-1 at p.1)

Between April 7, 2014, and the date that Mr. Pinder filed this lawsuit, September 26, 2014, Mr. Pinder filed two medical grievances related to his prescription medications. (#195-2)  Mr. Pinder has conceded that his only claim against Maxor relates to Maxor's administration of his glaucoma medication.  (#195-4 at p.11)

In their motion for summary judgment, Maxor first argues that, although Correct Care Services is a state actor for purposes of liability under 42 U.S.C. § 1983, it is not.  At this time, the Eighth Circuit has not so ruled.  Accordingly, for purposes of this motion, the Court will assume that Maxor is a state actor.

Maxor, however, is s a private corporation.  "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978)).  To prove a policy, custom or action, Mr. Pinder must prove "a continuing, widespread, persistent pattern of unconstitutional misconduct" by Maxor's employees; "[d]eliberate indifference to or tacit authorization of such conduct by [Maxor's] policymaking officials after notice to the officials of that misconduct;" and that he "was injured by acts pursuant to

4

[Maxor's] custom, *i.e.*, that the custom was the moving force behind the constitutional violation." *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir. 2002) (internal quotations and citations omitted).

Here, Mr. Pinder has failed to come forward with any evidence of an unconstitutional policy, custom, or action by Maxor.  Rather, Mr. Pinder claims that he went several days without glaucoma medication on several different occasions.  (#195-4 at p.11)

Further, Mr. Pinder has failed to present any evidence showing that any delay on the part of Maxor was intentional or deliberately indifferent.  Negligence, even gross negligence, will not support a constitutional claim for deliberate indifference. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (plaintiff must show more than even gross negligence).  Without such evidence, Mr. Pinder has failed to create any genuine question of material fact that would preclude summary judgment in favor of Maxor.

    3.    ADC Defendants' Motion for Summary Judgment

    a.    Defendant Griffin

Mr. Pinder claims that Defendant Griffin was deliberately indifferent to his need for migraine medication and the difficulties he encountered by being administered pills that were "crushed and covered in water."  Mr. Pinder seeks to hold Defendant Griffin liable based on his involvement in the grievance process.  Mr. Pinder's claims against Defendant Griffin fail as matter of law.

First, Defendant Griffin's denial of several of Mr. Pinder's grievances is insufficient to establish liability under § 1983. *Rowe v. Norris*, 198 Fed. Appx. 579 (8th Cir. 2006). Furthermore, Defendant Griffin can be held liable only if he "actually knew of but deliberately disregarded" Mr. Pinder's serious medical need. *Id.* This showing requires a mental state "akin to criminal recklessness." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). As noted, Mr. Pinder must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, to prevail on this claim, Mr. Pinder must show that the Defendant Griffin's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Here, the undisputed evidence reveals that Defendant Griffin was not the official who responded to the nine grievances where Mr. Pinder complained about his failure to receive migraine medication. In the light of this undisputed evidence, Mr. Pinder cannot show that Defendant Griffin knew of, but disregarded, his need for medical treatment. Mr. Pinder did complain about the ADC's "crush and cover" policy in two grievances – MX-13-2421 and MX-13-02432. The Administrator for Medical and Dental Services, Defendant Griffin's subordinate, investigated and responded to those grievances. (#174-9 at pp.3-4)

March 8 2017 p25
Appellate Case: 17-1514   Page: 25   Date Filed: 03/09/2017 Entry ID: 4510466

In his response to grievance MX-13-2421, the Administrator noted that the prescription specified that Mr. Pinder's medication should be crushed and covered.  The Administrator further responded that Mr. Pinder should drink more water to avoid scratching his throat with the pills.  (#174-4 at p.4)

In response to grievance MX-13-2432, the Administrator noted that inmates were provided disposable cups with crushed and covered medications.  (#174-9 at p.4)  The Administrator agreed with the unit level staff member that these cups were destroyed after inmates returned them, despite Mr. Pinder's allegation that the cups were reused.  (*Id.*)

Even if the Administrator had failed to investigate Mr. Pinder's complaints, which the papers presented show otherwise, Defendant Griffin cannot be held liable based solely on the conduct of his subordinates.  *Ambrose v. Young*, 474 F.3d 1070 (8th Cir. 2007).  Because Mr. Pinder has failed to come forward with any evidence even suggesting that Defendant Griffin acted with criminal recklessness with regard to his medical treatment, his claims against Defendant Griffin fail as a matter of law.

> b.   Defendant Straughn

Mr. Pinder claims that Defendant Straughn rejected the publication *Merck Manual of Medical Information* ("*Merck Manual*") in violation of his first amendment rights.  Mr. Pinder also alleges that Defendant Straughn rejected the publication at issue in retaliation for Mr. Pinder's filing this civil action.

It is undisputed that the *Merck Manual* arrived at the Maximum Security Unit on September 29, 2014, three days after Mr. Pinder filed this lawsuit.[4]  (#13 at p.53)  The mail room supervisor forwarded the publication to the Publication Review Committee on that date.  (#174-8 at p.2)  Each member of the Publication Review Committee, including Defendant Straughn, voted to reject the publication because it contained information about pharmaceuticals, including the content of both prescription and generic medication.[5]  (*Id.*)  On October 2, 2014, Mr. Pinder was notified that the Publication Committee had voted to reject the delivery of the *Merck Manual*.  (*Id.* at p.3)

   1.     First Amendment Claim

The ADC publications policy at issue, AD 14–22, provides that publications "are subject to inspection and may be rejected if found to be detrimental to the security, discipline or good order of the institution . . .."  (#174-5 at p.1).  The ADC Defendants rely on *Turner v. Safley*, 482 U.S. 78, 89 (1987), to support their position that a prison regulation that is alleged to impinge on prisoners' constitutional rights is valid if it is reasonably related to legitimate penalogical interests.  In *Turner*, the Court identified four factors to consider when determining if a restriction is reasonable: (1) whether a valid, rational connection exists between the regulation and the interest asserted; (2) whether

---

   [4] Defendant Straughn was not named as a Defendant until Mr. Pinder filed his amended complaint on November 14, 2014.  (#13)

   [5] Defendant Straughn testified that, in 2014, the Publication Review Committee consisted of Chair Person/Deputy Warden Steve Outlaw, Amanda Bacus, Ronald Watson, and Joyce Gooley.  (#174-8 at p.1)

alternative means of exercising the right exist; (3) the effect of the accommodation on the guards, other inmates, and the allocation of prison resources; and (4) whether an alternative exists which will accommodate the prisoner's needs with de minimis impact on the prison's asserted interests. *Id*. at 89-91.

First, there is little question that there is a rational connection between the policy at issue (and Defendant Straughn's conduct in accordance with that policy) and the interest of prison security. Defendant Straughn testified that the *Merck Manual* contains information regarding the content of pharmaceuticals and their intended effects and side-effects. (#174-8 at p.2) The ADC publication policy specifically states that publications may be rejected if they provide "instructions for production of alcohol or other drugs." (#174-5 at p.2) Further, Defendant Straughn testified that, in his experience, "it is important to prevent information about the content of drugs from entering the prison. Prescription and generic drugs can be used as contraband, to sell or trade other illegal items. Drugs can also be abused by inmates, which leads to a number of other behavioral and security problems." (#174-8 at p.2)

Turning to the second factor, whether alternative means for exercising his first amendment rights exist, Mr. Pinder specifically stated that he had other sources of medical information. He testified that he checked out books from the library; read articles provided by other inmates; had copies of similar material; and has a cousin who can research for him using Wikipedia. (#174-7 at pp.5, 8-9)

The third factor, the impact that accommodating Mr. Pinder's rights would have on prison staff and other prisoners, also weighs in Defendant Straughn's favor. Allowing inmates to possess information about the content of both generic and prescription pharmaceuticals could have a detrimental impact on inmate health and security. As noted, prison officials have an interest in prohibiting information regarding the content and side-effects of drugs from entering the prison population based on the presence of such drugs within ADC units, the ability of the inmates to sell or trade those drugs, and the ability of inmates to abuse specific drugs based on specific effects or side-effects. Courts "must be deferential to the prison officials' views of what material may be inflammatory." *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015) (citing *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 986 (8th Cir. 2004)). "As the Supreme Court has cautioned, 'prison officials may well conclude that certain proposed interactions, though seemingly innocuous to laymen, have potentially significant implications for the order and security of a prison.'" *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407, 109 S.Ct. 1874 (1989)).

In his response to the ADC Defendants' motion, Mr. Pinder alleges that the *Merck Manual* does not contain information regarding the content of pharmaceuticals. Even if Mr. Pinder is correct, Defendant Straughn would be entitled to qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who

10

knowingly violate the law." *Stanton v. Sims*, __U.S. __, 134 S.Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074  (2011)).  It shields officers from liability "unless [their] conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Shekleton v. Eichenberger*, 677 F.3d 361, 365 (8th Cir. 2012) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009)).

Here, the Court cannot conclude that, in September 2014, the law was clearly established that Defendant Straughn should have known that he should reject the recommendation of the Publication Review Committee and allow Mr. Pinder to receive the *Merck Manual*.  The law both at that time and as it stands today gives great deference to prison officials in determining what publications cause safety concerns in a prison environment.  See, *e.g.*, *Murphy*, 372 F.3d at 986 ("We recognize and defer to the expertise of prison officials on what is likely to be inflammatory"); *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."); *Hamilton v. Schriro*, 74 F.3d 1545, 1553 (8th Cir. 1996); *Ivey v. Ashcroft*, 62 F.3d 1421, 1421 (8th Cir. 1995 (unpublished) ("[P]rison officials have broad discretion to censor or restrict an inmate's receipt of a publication to serve a legitimate penological interest—including the need for institutional security").

March 8 2017 p30
Appellate Case: 17-1514   Page: 30   Date Filed: 03/09/2017 Entry ID: 4510466

Defendant Straughn is entitled to qualified immunity on Mr. Pinder's first amendment claim against him.

In addition, Mr. Pinder's request for injunctive relief against Defendant Straughn fails for another reason.  Specifically, in his complaint, Mr. Pinder requests that the Court order "defendants to cease their retaliatory actions, . . . stop their censorship of books containing medical information, [and] stop the ban on books containing medical information." (#13 at pp.18-19)

Since Mr. Pinder filed this lawsuit, he has been transferred to Varner Supermax Unit of the ADC.  (#97)  In addition, Defendant Straughn has been re-assigned to the Cummins Unit.  (#174-8 at p.3)  Defendant Straughn, therefore, no longer has any involvement in the publication-review process at either the Maximum Security Unit, or the Varner Unit, where Mr. Pinder is currently housed.  Thus, Mr. Pinder's request for injunctive relief from Defendant Straughn is now moot.  *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (inmate's request for injunctive relief from a warden was moot after his transfer).

2.     Retaliation Claim

To prove retaliation, Mr. Pinder must present evidence that: he engaged in constitutionally protected activity; Defendant Straughn took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and

retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486

F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

An inmate claiming retaliation is faced with the substantial burden of proving that the

actual motivating factor for the adverse action was as alleged.  *Sisneros v. Nix*, 95 F.3d

749, 752 (8th Cir. 1996).  Moreover, allegations of retaliation must be more than

speculative and conclusory.  *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996).

Here, Mr. Pinder has failed to present any evidence to support his retaliation claim.

In contrast, Defendant Straughn has explained that the publication at issue was rejected

by the Publication Review Committee as a whole because of its contents.

Even if Mr. Pinder could prove that Defendant Straughn's conduct was motivated,

at least in part, by retaliation, this claim still would fail.  A prisoner cannot prevail on a

retaliation claim if the adverse action at issue was taken for both a legitimate reason and

an improper motive, such as retaliation.  *Id.; Webb v. Hedrick*, Case No. 09-2896, 2010

WL 4366438, *1 (8th Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a

prisoner cannot prevail "if retaliation was one factor" in the defendants' decision);

*Ponchik v. Bogan*, 929 F.3d 419, 420 (8th Cir. 1991) (rejecting a retaliation claim when

retaliation was only one of the factors leading to the inmate's transfer).

B.    Medical Defendants' Motion for Sanctions

Mr. Pinder filed this lawsuit alleging that the Medical Defendants were

deliberately indifferent to his serous medical needs.  The Medical Defendants later served

13

discovery on Mr. Pinder, including a HIPAA-compliant medical authorization.  Mr. Pinder, however, did not sign the authorization.

In August of 2016, the Medical Defendants moved for an order compelling Mr. Pinder to complete a HIPAA-compliant medical authorization within ten days.  (#138) The Court, instead, gave Mr. Pinder thirty days to provide the Defendants with the medical authorization.  The Court explained to Mr. Pinder that he had placed his medical condition at issue by filing the lawsuit and his execution of a HIAA-compliant medical authorization was required and not subject to debate.  In addition, the Court specifically warned Mr. Pinder that his claims could be dismissed if he failed to comply with the Court's order.  (#140)

Although Mr. Pinder has filed two hand-written "authorizations" with the Court (#150, #193), he continues to refuse to complete a valid, effective, and complete authorization.  The time for doing so has passed.[6]

The Medical Defendants' motion for sanctions should be granted based on Mr. Pinder's refusal to provide them with a valid and effective HIPAA-compliant medical authorization.

---

[6] Mr. Pinder's papers state that he has completed the limited authorizations "over his objection" and "threat of dismissal of his lawsuit."  (#193)  Mr. Pinder's version of medical authorizations limit: the medical care providers from which the Medical Defendants may seek medical records; the relevant time periods for which the Medical Defendants may seek medical records; the categories of medical records the Medical Defendants may seek; and the use of Mr. Pinder's medical records.

14

Appellate Case: 17-1514   Page: 33   Date Filed: 03/09/2017 Entry ID: 4510466

IV.   **Conclusion**

The Court recommends that the motions for summary judgment filed by Maxor Pharmacy and the ADC Defendants (#160, #174) be GRANTED.  Mr. Pinder's claims against Maxor Pharmacy and the ADC Defendants should be DISMISSED, with prejudice.

In addition, the Medical Defendants' motion for sanctions (#158) should be GRANTED.  Mr. Pinder's claims against the Medical Defendants should be DISMISSED, without prejudice.

Finally, Mr. Pinder's pending motions should be DENIED, as moot.[7]  (#146, #152, #177, #187, #201)

DATED, this 27th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7]   With regard to Mr. Pinder's pending motions for preliminary injunctive relief, he has failed to present sufficient facts for the Court to conclude that he will face irreparable harm absent Court intervention.  *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005).  "Possible harm" is not enough to support a preliminary injunction; rather, there must be an actual threat of harm.  *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).  Further, Mr. Pinder's most recent motion for preliminary injunctive relief includes allegations unrelated to the claims raised in this lawsuit and individuals who are not parties to this lawsuit.  (#201, #202)

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

STEVEN PINDER
ADC #123397                                                                      PLAINTIFF

V.                              CASE NO. 5:14-CV-359-JM-BD

ALVA GREEN McDOWELL, et al.                                                      DEFENDANTS

## ORDER

The Court has received the Recommended Disposition ("Recommendation") filed

by Magistrate Judge Beth Deere.  After a careful consideration of the Recommendation,

Mr. Pinder's timely objections and a *de novo* review of the record, the Court concludes

that the Recommendation should be, and hereby is, approved and adopted as this Court's

findings in all respects.

The motions for summary judgment filed by Maxor Pharmacy and the ADC

Defendants (docket entries #160, #174) are GRANTED.  Mr. Pinder's claims against

Maxor Pharmacy and the ADC Defendants are DISMISSED, with prejudice.

In addition, the Medical Defendants' motion for sanctions (#158) is GRANTED.

Mr. Pinder's claims against the Medical Defendants are DISMISSED, without prejudice.

Finally, Mr. Pinder's pending motions are DENIED, as moot.  (#146, #152, #177,

#187)

IT IS SO ORDERED, this 9th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**STEVEN PINDER**
**ADC #123397**                                                                  **PLAINTIFF**

**V.**                          **CASE NO. 5:14-CV-359-JM-BD**

**ALVA GREEN McDOWELL, et al.**                                **DEFENDANTS**

<u>**JUDGMENT**</u>

Consistent with the Order that was entered on this day, it is CONSIDERED,

ORDERED, and ADJUDGED that this case is hereby DISMISSED.

IT IS SO ORDERED this 9th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 8 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN PINDER                                    PLAINTIFF / APPELLANT

        V                          NO! 5:14-CV-00359

ALVA GREEN-McDOWELL; JACQUELINE CARSWELL; SONYA PEPPERS-DAVIS;
CORRECT CARE SOLUTIONS, LLC; ROBERT FLOSS; KEITHA DODSON; LEUVENIA BOSTON;
KENYETTA HORNER; JORGE DOMINICIS; JAMES HAMILTON; RORY GRIFFIN; WILLIAM
STRAUGHN; and MAXOR CORRECTIONAL PHARMACY SERVICES,    et. al.,

                                    DEFENDANTS / APPELLEES

## NOTICE OF APPEAL

   NOTICE is hereby given that Steven Pinder, plaintiff/appellant, pro-se,
in the above styled and numbered civil action, appeals to the United
States Court of Appeals for the Eighth Circuit from the ORDER OF
this court

1. Denying Plaintiff partial summary judgment against defendant Straughn on
   and plaintiff's first amendment claim; and,

2. The court's denying appointment of counsel for plaintiff for to effect
   discovery; and,

3. The courts granting of summary judgment for defendant Maxor
   Correctional Pharmacy Services; and,

4. The court's granting of summary judgment for ADC defendants
   Rory Griffin and William Straughn; and,

5. The court's granting of qualified immunity to defendant Straughn; and
                                    (1)

6. The courts granting of Medical defendants Motion for sanctions after plaintiff filed a HIPAA-compliant authorization for release of the medical records relevant to this civil action; and

7. The courts failure to order the defendants to comply with the rules of discovery when the defendants refused to comply with all discovery requests of plaintiff; and,

8. The courts abuse of its discretion and the courts disregarding or discrediting plaintiff's documented evidence;

which ORDER approving these recommended disposition of the Magistrate was entered (DE# 208) February 9, 2017 and final judgment was entered (DE# 209) February 9, 2017.

EXECUTED THIS 26th
DAY OF FEBRUARY 2017

Respectfully submitted
Steven Pile
STEVEN PINDER, Plaintiff/Appellant
#123397
P.O. Box 600
Grady, AR 71644-0600

(2)

Steven Pinder
#123307
P.O. Box 600
Grady, AR 71644-0600

LEGAL MAIL

72201833599 C041

neopost
02/27/2017
US POSTAGE
$01.09

FIRST-CLASS MAIL

ZIP 71644
041L11225972

ADC
RNER
NIT
A

CLERK
U.S. District Court
600 West Capitol Ave., A-149
Little Rock, AR 72201-3325

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**STEVEN PINDER**
**ADC #123397**                                                      **PLAINTIFF**

**V.**                            **CASE NO. 5:14-CV-359-JM**

**ALVA GREEN McDOWELL, et al.**                            **DEFENDANTS**

## ORDER

Pending before the Court is Steven Pinder's motion for leave to appeal *in forma pauperis* (IFP).  (Docket entry #212)  A party who is permitted to proceed IFP in district court may proceed on appeal IFP without further authorization, unless the district court has certified that the appeal would not be taken in good faith.  FED. R. APP. P. 24(a)(3)(A).

In this case, the Eighth Circuit Court of Appeals granted Mr. Pinder leave to proceed IFP on October 29, 2015.  (#81)  Because the February 9, 2017 Judgment from which Mr. Pinder appeals does not contain a certification that an IFP appeal would not be taken in good faith (#209), his pending motion for leave to appeal IFP (#212) is GRANTED.

A prisoner who is permitted to file an appeal IFP still must pay the full statutory appellate filing fee.  Method and timing of payment are the only issues to be resolved. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997); FED. RULE APP. P. 3(e).

Based on information contained in a certified copy of Mr. Pinder's inmate trust fund account, the Court will assess an initial partial filing fee of $3.69. Mr. Pinder's custodians are obligated to collect the initial partial filing fee, as well as the entire $505.00 appellate filing fee by deducting 20% of the preceding month's income credited to Mr. Pinder's prison trust account each time the amount in the account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Mr. Pinder's behalf must be clearly identified by name and case number.

The Clerk of Court is directed to send a copy of this Order to the Warden of the Varner Unit, Post Office Box 600, Grady, Arkansas 71644; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

IT IS SO ORDERED this 8th dayof March, 2017.

_____
UNITED STATES DISTRICT JUDGE

March 8 2017 p41
Appellate Case: 17-1514   Page: 41   Date Filed: 03/09/2017 Entry ID: 4510466

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOA SUPPLEMENT

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

Date 3/8/2017

**Caption:** Pinder v. McDowell et al

**Case No.:** 5:14-cv-00359-JM

**Appellant:** Steven Pinder

**Appellant's Attorney(s):** Pro Se

**Appellees:** Alva Green McDowell, Dotson, Sonya Davis-Peppers, Jacqueline Carswell, et al*

**Appellee's Attorney(s):** Brent Jay Eubanks, Amber R. Schubert, Charles W. Lyford, Michael Paul Vanderford

**Court Reporter(s):** N/A

**Name of Person who prepared appeal:** Mary Zelhof, Deputy Clerk (501) 604-5358

| Length of Trial (# of days) | Fee Paid? Y/N: | IFP Granted? Y/N | Pending IFP Motion Pending? Y/N |
|---|---|---|---|
| N/A | N | Y | N |

| Counsel Retained/Appointed/Pro Se | Pending Motions? Y/N |
|---|---|
| Pro Se | N |

**CRIMINAL CASES ONLY:**

**Is defendant incarcerated?** _____

**Where?** _____
**Address of Defendant:** _____

**Please list all other defendants in this case if there were multiple defendants:**
_____

**Special Comments:** * Please see Docket Sheet for a complete list of Appellees