# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

STEVEN PINDER                                                    APPELLANT

VS.                          CASE NO. 17-1514

ALVA GREEN-MCDOWELL, et al.                                      APPELLEES

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NO. 5:14-CV-00359-JM-BD

THE HONORABLE JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE

---

BRIEF OF APPELLEES
WILLIAM STRAUGHN AND RORY GRIFFIN

---

Leslie Rutledge
Arkansas Attorney General
By:    /s/ Amber R. Schubert
Amber R. Schubert
Arkansas Bar No. 2009150
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Fax: (501) 682-2591
amber.schubert@arkansasag.gov

ATTORNEYS FOR APPELLEES

# SUMMARY OF THE CASE AND ORAL ARUGMENT WAIVER

This is an appeal from the district court's grant of Appellees' motion for summary judgment on Appellant's claims that Appellees violated his constitutional rights to free speech and to be free from cruel and unusual punishment. Appellant Steven Pinder, a current inmate of the Arkansas Department of Correction ("ADC"), alleges that Appellee Rory Griffin, deputy director for health services, was deliberately indifferent to his medical needs, and that Appellee William Straughn, his former warden, denied his request for a medical text in retaliation for the filing of this lawsuit.

The district court granted Straughn and Griffin's motion for summary judgment holding that Pinder's claim against Griffin failed as a matter of law because denial of grievances is insufficient to establish liability under § 1983, and that his claims against Straughn were barred by qualified immunity, mootness because Straughn does not review publications at Pinder's current unit, and failure to state facts showing retaliation. The district court did not err, and this Court should affirm the judgment in favor of Straughn and Griffin. Because the record is clear, Straughn and Griffin waive oral argument.

i

# TABLE OF CONTENTS

Summary of the Case and Oral Argument Waiver......................................i

Table of Contents...............................................................ii

Table of Authorities...........................................................iii

Jurisdictional Statement.........................................................v

Statement of the Issues.........................................................vi

Statement of the Case ...........................................................1

Summary of the Argument .........................................................3

Standard of Review ..............................................................4

Argument ........................................................................4

Certificate of Compliance ......................................................22

Certificate of Service .........................................................22

Appellate Case: 17-1514    Page: 3    Date Filed: 05/25/2017 Entry ID: 4540182

# TABLE OF AUTHORITIES

## **Cases**

*Ambrose v. Young*, 474 F.3d 1070 (8th Cir. 2007)......................................7

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ...............................................10

*Brown v. Golden Valley*, 574 F.3d 491 (8th Cir. 2009) ...........................10

Burns v. Eaton, 752 F.3d 1136 (8th Cir. 2014) ........................................19

*Colten v. Hobbs*, No. 5:12-cv-00263, 2014 WL 139069
    (E.D. Ark. March 28, 2014) .....................................................16, 17

*Dulaney v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997).............................6

*Fourte v. Faulkner County*, 746 F.3d 284 (8th Cir. 2014)........................6

*Gordon v. Frank*, 454 F.3d 858 (8th Cir. 2006)................................vi, 4, 6

*Haynes v. Stephenson*, 588 F.3d 1152 (8th Cir. 2009) ............................14

*Johnson v. Jones*, 340 F.3d 623 (8th Cir. 2003) .....................................17

*Jones v. Bock*, 549 U.S. (2007) ...............................................................15

*Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011).....................................12

*Lewis. v. Jacks*, 486 F.3d 870 (8th Cir. 2004)...........................vi, 4, 13, 14

*Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)..................................12

*Murchison v. Rogers*, 779 F.3d 882 (8th Cir. 2015)................................vi

*Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979 (8th Cir. 2004)............8

*Revels v. Vincenz*, 382 F.3d 870 (8th Cir. 2004) .....................................13

*Rowe v. Norris*, 198 Fed.Appx. 579 (8th Cir. 2006).........................vi, 3, 6

*Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2003) .....................................11

*Shekleton v. Eichenberger*, 677 F.3d 361 (8th Cir. 2012).......................10

*Sisneros v. Nix*, 95 F.3d 749 (8th Cir. 1996)...........................................vi

Appellate Case: 17-1514    Page: 4    Date Filed: 05/25/2017 Entry ID: 4540182

*Stanton v. Sims*, __ U.S. __, 134 S.Ct. 3 (2013) ........................................ 10

*Thornburgh v. Abbott*, 490 U.S. 401 (1989) ................................................ 8

*Turner v. Safley*, 482 U.S. 78 (1987) .............................................. vi, 4, 7, 8

*United States v. McCaster*, 193 F.3d 930 (8th Cir. 1999) ...................... 15

Woodford v. Ngo, 548 U.S. 81 (2006) ................................................ 15, 19

*Woods v. Daimlerchrysler*, 299 F.3d 984 (8th Cir. 2005) ......................... 5

## **Statutes and Rules**

28 U.S.C. § 1291 ....................................................................................... v

28 U.S.C. § 1331 ....................................................................................... v

28 U.S.C. § 1343 ....................................................................................... v

42 U.S.C. § 1983 .................................................................................... v, 2

42 U.S.C. § 1997e(a). ............................................................................ 14

42 U.S.C. § 1997e(e) .............................................................................. 11

Appellate Case: 17-1514    Page: 5    Date Filed: 05/25/2017 Entry ID: 4540182

## JURISDICTIONAL STATEMENT

This is an appeal from a judgment issued by the United States District Court, Eastern District of Arkansas, Pine Bluff Division. The district court had jurisdiction to hear the 42 U.S.C. § 1983 claims in this case under 28 U.S.C. §§ 1331, 1343. Because the judgment was a final order, and because the Appellant filed a timely notice of appeal, this Court's jurisdiction is proper under 28 U.S.C. § 1291.

Appellate Case: 17-1514   Page: 6   Date Filed: 05/25/2017 Entry ID: 4540182

# STATEMENT OF THE ISSUES

1. Whether the district court erred in dismissing Pinder's deliberate indifference claim against Griffin for failure to state a claim as a matter of law.

   *Rowe v. Norris*, 198 Fed.Appx. 579 (8th Cir. 2006)

   *Gordon v. Frank*, 454 F.3d 858 (8th Cir. 2006)

2. Whether the district court erred in dismissing Pinder's first amendment claim against Straughn based on qualified immunity and mootness.

   *Turner v. Safley*, 482 U.S. 78 (1987)

   *Murchison v. Rogers*, 779 F.3d 882 (8th Cir. 2015)

3. Whether the district court erred in dismissing Pinder's retaliation claim against Straughn for failure to state supporting facts.

   *Lewis v. Jacks*, 486 F.3d 870 (8th Cir. 2004)

   *Sisneros v. Nix*, 95 F.3d 749 (8th Cir. 1996)

Appellate Case: 17-1514    Page: 7    Date Filed: 05/25/2017 Entry ID: 4540182

## STATEMENT OF THE CASE

Appellant Steven Pinder, a current inmate of the Arkansas Department of Correction ("ADC"), appeals the district court's grant of Appellees' motion for summary judgment. Pinder alleges that Appellee Rory Griffin, deputy director for health services, was deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Pinder's claim stems from allegations that his migraine medication was discontinued and the fact that per ADC policy, his migraine medication was administered by crushing the pills and covering them in water. [ECF No. 13, p. 14] Pinder also alleges Appellee William Straughn, his former warden, violated his First Amendment right to free speech by denying his request for a medical text in retaliation for the filing this lawsuit.

Pinder's claims against Griffin are based solely on his involvement in the ADC grievance process. Pinder's claims against Straughn are based on the fact that he approved the decision of the Tucker Max Unit's publications committee to reject Pinder's request to possess the *Merck Manual of Medical Information* because it posed a security risk

1

to the unit. Pinder's claims against Straughn and Griffin arose when he was housed at the Tucker Maximum Security Unit in 2013 and 2014. In 2016, Pinder was transferred to the Varner Supermax Unit where he is currently housed. Pinder failed to exhaust his administrative remedies as to any of these claims.

Pinder filed this lawsuit pro se under 42 U.S.C. § 1983. [ECF No. 2] The district granted then revoked Pinder's *in forma pauperis* status after determining he was a three-striker and did not sufficiently allege he was in imminent danger of serious physical harm so as to be exempt from the three strikes rule. [ECF No. 40] Pinder failed to timely submit the statutory filing fee and the district court dismissed his case without prejudice. [ECF No. 64] On appeal, this Court granted Pinder leave to proceed *in forma pauperis*, vacated the district court's orders, and remanded for further proceedings stating "we vacate the district court's orders and remand for the review of the merits of the entire amended complaint." [ECF No. 81, p. 3] Appellees moved for summary judgment arguing Pinder had failed to exhaust his administrative remedies. The district court denied those motions based solely on this Court's directive to consider the complaint on the merits. [ECF No. 137]

2

Appellees then moved for summary judgment on the merits of Pinder's claims. [ECF No. 174] On January 27, 2017, the magistrate judge recommended granting Straughn and Griffin's motion for summary judgment holding that Pinder's claim against Griffin failed as a matter of law because denial of grievances is insufficient to establish liability under § 1983, and that Pinder's claims against Straughn were barred by qualified immunity, mootness because Straughn does not review publications at Pinder's current unit, and failure to state facts showing retaliation. [ECF No. 206] The district judge adopted the magistrate's recommendation on February 9, 2017. [ECF No. 208]  A judgment consistent with that order was entered the same day. [ECF No. 209]. This appeal followed. [ECF No. 215].

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Pinder's claims against Straughn and Griffin. Appellant's deliberate indifference claim against Griffin fails as a matter of law because it is based solely on Griffin's role in the ADC grievance process, and it is well settled that denial of grievances is insufficient to establish liability under § 1983. *Rowe v. Norris*, 198 Fed.Appx. 579 (8th Cir. 2006)  Moreover, Pinder failed to

3

provide any evidence that Griffin was deliberately indifferent to his medical needs. *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)

The district court properly granted summary judgment in favor of Straughn on Pinder's first amendment claim for rejection of the *Merck Manual* because the text contains information regarding pharmaceuticals that make possession of the text a threat to prison security. *Turner v. Safley*, 482 U.S 78, 89 (1987). Similarly, the district court properly found Straughn was entitled to summary judgment in his favor on Pinder's first amendment retaliation claim because he failed to present any evidence to support his allegation that retaliation was the actual motivating factor in rejecting the *Merck Manual*. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

Moreover, Pinder failed to exhaust any of his claims against Straughn and Griffin, and they are entitled to dismissal of the claims against them on that basis alone.

## ARGUMENT

### I.  <u>Standard of Review</u>

This Court should affirm the grant of summary judgment in favor of Straughn and Griffin on all claims against them because the district

4

court did not err in finding that Pinder's deliberate indifference claim failed as a matter of law, and that he failed to present evidence to support his first amendment claims. The district court's grant of summary judgment is reviewed *de novo*. *Woods v. Daimlerchrysler Corporation*, 299 F.3d 984, 990 (8th Cir. 2005). Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id*. An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Id*. This Court may affirm the district court's grant of summary judgment on any ground supported by the record. *Id*.

## II. <u>Pinder's Deliberate Indifference Claim Against Griffin Fails Because Denial of Grievances is Insufficient to Establish Liability Under § 1983.</u>

Pinder alleges two things against Griffin—that he should not have discontinued Pinder's "medication for the treatment of migraine headaches," and that he should have known Pinder had been harmed by taking pills "crushed and covered." [ECF No. 13, p. 14] It is undisputed that both allegations are based solely on Griffin's involvement in the

5

grievance process. [ECF No. 2, p. 5] Therefore, he cannot be held liable under § 1983. *Rowe v. Norris*, 198 F. App'x 579 (8th Cir. 2006).

Furthermore, Griffin can only be held liable for deliberate indifference if he "actually knew of but deliberately disregarded" Pinder's serious medical need. *Id.* This showing requires a mental state "akin to criminal recklessness." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). Pinder must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County*, 746 F.3d 284, 287 (8th Cir. 2014). In other words, to prevail on his deliberate indifference claim, Pinder must show that Griffin's actions were "so inappropriate as to evidence intention maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Pinder cannot meet his burden. It is undisputed that Griffin was not the official who responded to the nine grievances where Pinder complained about his failure to receive migraine medication, or the two concerning the crushed-and-covered pills. [ECF No. 176, p. 12] Rather, the Administrator for Medical and Dental Services, Griffin's subordinate, investigated and responded to those grievances. [ECF No.

6

174-9, pp.3-4]  Therefore, Pinder cannot show that Griffin knew of but disregarded his need for medical treatment.  Moreover, Griffin cannot be held liable based solely on the conduct of his subordinates.  *Ambrose v. Young*, 474 F.3d 1070 (8th Cir. 2007).  Therefore, this Court should affirm the district court's grant of summary judgment in favor of Griffin.

### III.  Pinder's First Amendment Claim Against Straughn Regarding the *Merck Manual* Fails on the Merits and Is Barred By Qualified Immunity .

Pinder alleges that Straughn violated his first amendment rights by affirming the Publication Committee's recommendation to deny Pinder's request to obtain a copy of the *Merck Manual of Medical Information* ("*Merck Manual*").  The *Merck Manual* is a medical text that contains information about pharmaceuticals, including the content of both prescription and general medication.  [ECF No. 206, p. 8]  The publication was rejected pursuant to ADC policy because it was found to be detrimental to the security of the prison.  *Id.*

A prison regulation that is alleged to impinge on prisoners' constitutional rights is valid if it is reasonably related to legitimate penalogical interests.  *Turner*, 482 U.S. at 89.  In *Turner*, the Court

7

identified four factors to consider when determining if a restriction is reasonable: (1) whether a valid, rational connection exists between the regulation and the interest assert; (2) whether alternative means of exercising the right exist; (3) the effect of the accommodation on the guards, other inmates, and the allocation of prison resources; and (4) whether an alternative exists which will accommodate the prisoner's needs with de minimis impact on the prison's asserted interests. *Id*. at 89-91. Common to all factors is the "broad discretion" afforded correctional officers "[w]here the regulations at issue concern the entry of materials into the prison." *Thornburgh v. Abbott*, 490 U.S. 401 (1989).

All four *Turner* factors are satisfied in this case. First, it is "beyond question," that Administrative Directive 14-22, and (Straughn's conduct in accordance with that policy) is aimed at furthering prison security, an interest the Supreme Court has stated is "central to all other correctional goals." *Thornburgh*, 490 U.S. 401; ECF No. 174-5, p. 1 (stating that "publications . . . may be rejected if detrimental to the security, discipline, or good order of the institution"). AD 14-22 specifically states that publications may be rejected if they provide "instructions for production of alcohol or other drugs." [ECF No. 174-5,

8

p. 2]  The *Merck Manual* clearly fits that description as it contains information regarding the content of pharmaceuticals and their intended effects and side-effects.  [ECF No. 174-8, p. 2]

Second, Pinder specifically stated he had other sources of medical information, including books he checked out from the library, articles provided by other inmates, copies of similar material, and a cousin who can research for him using Wikipedia.  [ECF No. 174-7, pp. 5, 8-9]  Third, allowing inmates to possess information about the content of pharmaceuticals, such as that contained in the *Merck Manual*, could have a detrimental impact on inmate health and security because it could facilitate the selling, trading, and abuse of prescription and generic drugs by inmates.  Fourth and finally, Pinder has not identified any obvious, easy alternatives to rejection of the manual, instead relying on conjecture—he alleges that "*if* ADC has a policy of banning such books," his rights may have been violated.  [ECF No. 13, p. 14 (emphasis added)]  Therefore, Pinder's first amendment claim regarding the *Merck Manual* fails on the merits.

Moreover, Straughn is entitled to qualified immunity from Pinder's first amendment claims regarding the *Merck Manual*.

9

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, __ U.S. __, 134 S.Ct. 3, 5 (2013) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). It shields officers from liability "unless [their] conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Shekleton v. Eichenberger*, 677 F.3d 361, 365 (8th Cir. 2012) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009)). The law, both currently and at the time Straughn affirmed the Publication Review Committee's decision to reject the *Merck Manual*, gives great deference to prison officials in determining what publications cause safety concerns in a prison environment. See, *e.g., Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 986 ("We recognize and defer to the expertise of prison officials on what is likely to be inflammatory"). Straughn is therefore entitled to qualified immunity for rejecting the *Merck Manual*, even if the *Turner* factors weren't satisfied.

Pinder seeks compensatory damages "against each defendant jointly and severally." [ECF No. 13, pp. 18-19] Pinder's claim for

10

compensatory damages against Straughn is barred as a matter of law because Pinder does not allege that Straughn caused him bodily injury. No "civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. §1997e(e). The requirement is unconditional: the Eighth Circuit "join[s] the majority, concluding Congress did not intend section 1997e(e) to limit recovery only to a select group of federal actions brought by prisoners." *Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2003). Pinder alleges only that Straughn "violated Plaintiff's First Amendment rights when he rejected a book." [ECF No. 13, p. 14]. Straughn is not implicated in physical or bodily harm at all and therefore Pinder cannot seek compensatory damages against him. 42 U.S.C. §1997e(e).

Similarly, Pinder's claim for equitable relief against Straughn is moot. Pinder requests an injunction "ordering defendants to cease their retaliatory actions, . . . stop their censorship of books containing medical information, [and] stop the ban on books containing medical information." [ECF No. 13, pp. 18-19] Because it is undisputed that Pinder has been transferred to a unit where Straughn does not have

11

any involvement in the publication-review process, Pinder's request for injunctive relief is now moot. It is well established that claims for injunctive relief are "moot if [an inmate] is no longer subject to those conditions" of confinement in which he was incarcerated when the complaint was filed. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (holding that an inmate's request for an injunction against the warden of his first prison was moot after his transfer). This is especially true when the inmate "sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated." *Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011) (emphases in original). Indeed, after the inmate is transferred, such an injunction "would have no effect . . . because those officials are not located in the same penal institution . . . and, consequently, they would not be responsible for actually issuing (or authorizing others to issue)" documents like incoming publications. *Id.* (internal citations omitted). That is the exact situation here.

The district court properly held that Pinder's first amendment claim against Straughn regarding the *Merck Manual* failed on the

12

merits, and that it was also barred by qualified immunity and this Court should affirm that ruling.

## IV. Pinder Failed to Present Any Evidence to Support His Retaliation Claim Against Straughn.

Pinder alleges that Straughn screened the *Merck Manual* out of "retaliation for filing [this] civil action." [ECF No. 13, p. 57]  To prevail on a first amendment retaliation claim, Pinder must prove that: (1) he exercised a constitutionally protected right; (2) Straughn took an adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) that retaliation was the actual motivating factor for the adverse action.  *Lewis*, 486 F.3d at 1028; *Revels v. Vincenz*, 382 F.3d 870 (8th Cir. 2004).

Pinder failed to present any evidence to support the second and third elements of a retaliation claim.  The protected activity Pinder alleges he engaged in was the filing of the complaint in this action.  However, Straughn was not named in the original complaint, and there is no evidence that he knew Pinder had filed suit.  Likewise, there is no evidence that Straughn would not have affirmed the publication committee's decision to reject "but for a retaliatory motive"; on the contrary, the decision was made to prevent information about the

13

content, manufacture, and effect of pharmaceuticals from entering the prison. *Haynes v. Stephenson*, 588 F.3d 1152 (8th Cir. 2009); *see* Part III, above. And given the number of documents Pinder filed in this lawsuit, including a previous appeal, there is no evidence whatsoever that rejecting the *Merck Manual* would "chill a person of ordinary firmness" from litigating his case. *Lewis*, 486 F.3d at 1025. The district court properly held that Pinder failed to state a claim for retaliation, and this Court should affirm that holding.

## V. <u>Pinder Failed to Exhaust His Administrative Remedies Through the ADC's Grievance Process</u>.

Because his claims concern "prison conditions under section 1983," Pinder was required to exhaust the administrative remedies available to ADC inmates. 42 U.S.C. §1997e(a). The undisputed evidence in this case shows that Pinder did not exhaust his administrative remedies against Griffin or Straughn. However, the district court declined to rule on the issue of exhaustion, based on this Court's instructions on remand that the district court should "review [ ] the merits of the entire amended complaint." [ECF No. 135, p. 2] Despite Pinder's assertions to the contrary, the district court did allow this case to proceed to a review of the merits on all the claims presented in Pinder's Complaint and

14

Amended Complaint as instructed by this Court. The district court's ruling on the summary judgment motions, was a review on the merits.

The district court's final order in this case did not address the exhaustion arguments raised in Griffin and Straughn's motion for summary judgment. However, this Court may affirm the grant of summary judgment in favor of Griffin and Straughn based on failure to exhaust. See *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999) ("We may affirm the judgment on any grounds supported by the record, even if not relied on by the district court.")

Compliance with exhaustion requirements is strict; "exhaustion is mandatory" and something "no longer left to the discretion of the district court." *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006) (holding that administrative compliance "no longer left to the discretion of the district court"). The statute provides the general principle, but courts examine "the prison's requirements, and not the PLRA, [in order to] define the boundaries of proper exhaustion." *Jones*, 549 U.S. 199. Two appeals procedures adopted by the Arkansas Department of Correction ("ADC") are relevant to this case— Administrative Directive 14-22, which applies specifically to rejected

15

publications, and Administrative Directive 14-16, available for general inmate grievances.

> ### A. Pinder's first amendment claims are unexhausted because the Publication Review Committee had not issued a decision before Pinder filed suit.

Directive 14-22 ("Publications") states that if an inmate orders a publication with potentially objectionable content, he will receive a rejection notice within 30 days of it arriving at the prison. [ECF No. 174-5] The notice alerts the inmate to his options for disposing of the publication or appealing its rejection. [*Id.*] In order to exhaust Directive 14-22's administrative procedure, the inmate must sign the notice and indicate that he wishes to appeal to the Publication Review Committee. ]*Id.*] The Committee then reviews the decision to reject, and either affirms or allows the inmate to have the publication. [*Id.*] Short of the Committee's final decision, there is no exhaustion. [*Id.*]

This Court has held, in line with the strictures of Directive 14-22, that "an appeal of the . . . rejection to the Publication Review Committee is an available administrative remedy" that must be exhausted. *Colten v. Hobbs*, No. 5:12–cv–00263, 2014 WL 1309069 (E.D. Ark. March 28, 2014). In *Colten*, a plaintiff in ADC custody

16

challenged the screening of a book he ordered, but he had not "appeal[ed] the Publication Review Committee's rejection" of it. *Id.* The plaintiff therefore "did not exhaust all available administrative remedies . . . pursuant to the PLRA," so he couldn't proceed with his civil claims. *Id. Colten* is consistent with the general principle that if "exhaustion [i]s not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003).

Pinder's first-amendment claim against Straughn is self-evidently unexhausted. He alleges that Straughn "rejected a book, 'Merck Manual of Medical Information,' in effect banning inmates/Plaintiff from information of a medical nature." [ECF No. 13, p. 14] According to Pinder, "[o]n October 2, 2014, [he] received notification from the unit Publication Review Committee that the book was being denied"; he then "appealed the decision of denial . . . on October 5, 2014." [*Id.* at p. 50] Pinder says the rejected book "is necessary in pursuit of . . . civil litigation," specifically his "civil action against the medical provider CCS and some of its staff." [*Id.* at p. 51] (letter dated November 7, 2014).

Appellate Case: 17-1514     Page: 24     Date Filed: 05/25/2017 Entry ID: 4540182

Because Pinder's "civil action" was filed on September 26, 2014—about seven days before the *Merck Manual* arrived to his former prison—he could not have exhausted a claim based on its rejection. Directive 14-22 requires that inmates obtain a final decision from the Central Office Publication Review Committee before they file suit. But Pinder had not gotten the initial screening notice for the *Merck Manual*, much less an appeal decision from the Central Office, when his Complaint was filed. And Pinder ordered the book *because* he had already sued: unquestionably, the publication and its rejection could not pre-date his Complaint. Pinder's claims against Straughn should be dismissed for failure to exhaust.

### B. Pinder's deliberate indifference claim is unexhausted because Griffin is not identified in the relevant grievances.

ADC Administrative Directive 14-16 applies to most issues other than publication appeals (*e.g.*, deliberate-indifference allegations). [174-1] Directive 14-16 requires that each inmate file a timely informal resolution, followed by a formal grievance and then an appeal to the ADC's Deputy Director. [*Id.*] Every grievance must include a "brief statement . . . specific as to the substance of the issue or complaint, to

18

include the date, place, personnel involved or witnesses." [*Id.*] The informal resolution form itself states that the grievance must "be specific as to the complaint, date, place, name of personnel involved, and how [the inmate was] affected." [ECF No. 174-2, p. 1] When a grievance appeal is affirmed or reversed by the Deputy Director, that decision is the end of the administrative process. [174-1]

The requirements in Directive 14-16, especially identification of personnel accused of wrongdoing, allow the ADC "a fair and full opportunity to adjudicate [an inmate's] claims." *Woodford*, 548 U.S. 81 (2006). The Eighth Circuit thus affirmed dismissal of an ADC employee because the plaintiff "fail[ed] to name [her] in the grievance," a mistake that was "not a mere procedural flaw" but rather one fatal to subsequent civil claims. *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014). The Eighth Circuit dismissed the employee as a matter of law under the ADC's requirement that grievances "specifically name each individual" to be investigated. *Id.*

As in *Burns*, Pinder failed to exhaust the available grievance remedies because he failed to identify Rory Griffin in connection with the deliberate-indifference claims against him. According to both the

19

Complaint and Amended Complaint, there are three grievances relevant to the allegations of deliberate indifference against Griffin: MX-13-1949, MX-13-2211, and MX-13-2421. [ECF No. 2, pp. 9-11; ECF No. 13, p. 21] Grievance MX-13-1949 is dated September 16, 2013, and in it Pinder states that his "migraine headache medicine . . . was discontinued by the order of ADC." [ECF No. 174-2] Grievance MX-13-1949 does not mention Rory Griffin. [*Id.*] Grievance MX-13-2211 is dated October 21, 2013, and in it Pinder states that "Dr. Babbit has discontinued [his] migraine headache medicine." [ECF No. 174-3] Grievance MX-13-2211 does not mention Rory Griffin. [*Id.*] Grievance MX-13-2421 is dated November 19, 2013, and in it Pinder states that his "migraine headache medicine . . . was discontinued by the order of ADC." [ECF No. 174-4] Grievance MX-13-2421 does not mention Rory Griffin. [*Id.*] Simply put, Pinder failed to identify Rory Griffin in the grievances attached to his pleadings. And the same is true of the other grievances complaining of migraine medications or the crush-and-cover policy. *See* Part II, above. Pinder's eighth-amendment claims, like those under the First Amendment, should be dismissed for failure to exhaust.

Appellate Case: 17-1514    Page: 27    Date Filed: 05/25/2017 Entry ID: 4540182

## CONCLUSION

The district court properly granted Griffin and Straughn's motion for summary judgment and dismissed Pinder's claims based on failure to state a claim and qualified immunity. Moreover, Pinder failed to exhaust his administrative remedies, and this Court can affirm the dismissal of his claims on that basis. Accordingly, this Court should affirm the dismissal of Pinder's claims based on the ruling of the district court, and for failure to exhaust his administrative remedies.

Respectfully submitted,

Leslie Rutledge
Arkansas Attorney General

By: /s/ Amber R. Schubert
Arkansas Bar No. 2009150
Assistant Attorney General
Attorneys for Appellant
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Facsimile: (501) 682-2591
amber.schubert@arkansasag.gov

21

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief, which is being submitted pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, contains a total of 5,031 words, in proportionally sized 14-point Century Schoolbook font, as calculated by Microsoft Word 2010, the program with which this brief was prepared.  This brief has been scanned for viruses and is virus-free.

/s/ Amber R. Schubert
Arkansas Bar No. 2009150
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, I filed this appellees' brief for review with the Clerk of Court using the CM/ECF system. Upon notice of from the Clerk, paper copies will be supplied to the Court and to the Appellant.

/s/ Amber R. Schubert
Arkansas Bar No. 2009150
Assistant Attorney General

Appellate Case: 17-1514     Page: 29     Date Filed: 05/25/2017 Entry ID: 4540182